[No. 9651.   Department One. — April 25, 1887.]

JEREMIAH SULLIVAN, RESPONDENT, v. HERMAN
ROYER, APPELLANT.

PRACTICE — REFUSAL TO ALLOW LEGAL ARGUMENT TO JURY. — The refusal
of the court to allow counsel to read law books, or to make an argument
on the law of the case, or to state what he claimed to be the law, to the
jury, is not error.

NUISANCE — ACTION TO ABATE — INJUNCTION — PRAYER. — An action for the
abatement of a nuisance is a suit in equity, and an injunction against its
continuance may be issued therein, although it is not specifically prayed
for in the complaint.

ID. — VERDICT MERELY ADVISORY IN EQUITABLE ACTION. — In such an action,
the verdict of the jury is merely advisory to the court, and an erroneous
instruction to them is immaterial.

ID. — NUISANCE FROM SOOT — INJUNCTION. — A person carrying on a business
in a populous city, requiring the consumption of a large quantity of fuel,
may be restrained from allowing the soot resulting therefrom to become
an annoyance or source of injury to his neighbors.

ID. — SUPERVISORS CANNOT LICENSE NUISANCE. — A license from the board of
supervisors of the city and county of San Francisco to erect and main-
tain a steam-engine within the city limits does not authorize the licensee
to use the engine so as to create a nuisance.

APPEAL from a judgment of the Superior Court of the
city and county of San Francisco, and from an order re-
fusing a new trial.

The facts are stated in the opinion.

*M. A. Wheaton,* for Appellant.

*Preston & Allen,* and *J. M. Allen,* for Respondent.

FOOTE, C. — This is an action in equity instituted for
the purpose of enjoining and abating certain nuisances,
and for the recovery of damages resulting therefrom.
The cause was tried before a jury, who heard all the evi-
dence given therein, a verdict was by them rendered for
one hundred dollars damages against the defendant,
"and that he be ordered by the court to abate the nui-
sances complained of by the plaintiff." Thereupon the
court made and filed written findings of fact upon all

the material issues raised by the pleadings, and rendered its judgment, enjoining the defendant from continuing the nuisances complained of, ordering that the same be abated, and that the plaintiff recover the sum of one hundred dollars damages, and costs. A new trial was moved for by the defendant, and denied, and from the judgment and order made therein this appeal is prosecuted.

Counsel for the defendant contends most earnestly upon several grounds that the judgment and order should be reversed, but none of them appear to us to be tenable.

There was no error in the refusal of the court to allow the defendant's counsel to read law books, or to make an argument on the law of the case, or to state what he claimed to be law, to the jury. (*People* v. *Anderson*, 44 Cal. 70; Proffatt on Jury Trials, sec. 253.)

As we have seen, this was an action in equity. (*People* v. *Moore*, 29 Cal. 427; *Courtwright* v. *B. R. & A. W. & M. Co.*, 30 Cal. 576, 577.) An abatement of a nuisance is accomplished by a court of equity by means of an injunction proper and suitable to the facts of each case. (Wood on Nuisances, secs. 777–794.)

The complaint alleged and the court found that a nuisance existed and was continuous; the answer denied all the material allegations of the complaint. While it is true that the prayer of the pleading above referred to did not expressly ask for the issuance of an injunction, yet it did ask "that said nuisance be abated." The relief granted was consistent with the case made by the complaint, and embraced within the issues made by the pleadings, and was therefore entirely proper. (Code Civ. Proc., sec. 580.)

There is a substantial conflict in the evidence as to whether the plaintiff was at the time of the institution of the action employed by the defendant to remove the "pile of hair and flesh" that constituted a part of the nuisance complained of.

The defendant complains that the court instructed the jury that damages could be recovered against him after the commencement of the action. It appears, however, that the plaintiff waived all damages for anything that had occurred after the filing of the complaint, and the case being one in equity, the verdict of the jury was merely advisory to the court. (*Sweetzer* v. *Dobbins*, 65 Cal. 529.)

The defendant's counsel makes a very strenuous argument that in effect the verdict, judgment, and findings, as he claims, most improperly pronounced the smoke-stack of the defendant to be a nuisance.

The language of the decree or judgment upon that subject is as follows: "It is adjudged and decreed that said defendant is perpetually enjoined from allowing soot to issue from the smoke-stack on the premises," etc.

The findings show that the issuance of this soot from the smoke-stack above mentioned was a nuisance of a most disagreeable character to the plaintiff and his family.

We are not informed from the record but what this smoke-stack might have been used in such a way, both readily and easily, as that soot would not have issued therefrom. But be that as it may, it is said by this court in the case of *Tuebner* v. *California Street R. R. Co.*, 66 Cal. 174: "The keeping of a hotel or a restaurant is a lawful and very necessary business, . . . . yet it could not be held that a person carrying on such business, or any requiring a large consumption of fuel, could erect his chimney to a height that would discharge the smoke and soot into his neighbor's windows. It is true, as argued by appellant, that persons preferring to live in the city rather than the country must accept many inconveniences,—probably all that flow naturally and necessarily from the concentration of populations; but that doctrine should not be carried too far. The law looks to a medium course to be pursued by each for the mutual

benefit of all." Tested by this rule, we do not see why the plaintiff should not be restained from so using his smoke-stack as that the soot issuing therefrom shall be prevented from being a disturbance, annoyance, and source of positive injury to the defendant and his property.

Nor could the board of supervisors of the city and county of San Francisco grant a license to the defendant which would permit him materially to impair the plaintiff's property rights. They could and did grant the defendant a license to erect and maintain his steam-engine, but they neither could or did license him thereby to create a nuisance. (*Tuebner* v. *California Street R. R. Co., supra.*)

Upon the whole case, the record of which, as well as briefs of counsel and authorities there cited, we have carefully examined, we are of opinion that the judgment and order should be affirmed.

SEARLS, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.