[No. 12759. In Bank. — December 15, 1890.]

JOHN H. McMENOMY, Respondent, *v.* FRANK
BAUD, Appellant.

Nuisance — Brass-foundry — Proof Required. — A brass-foundry and
machinery incident thereto are not *prima facie* nuisances, and one com-
plaining of them must allege and prove that they are such by reason of
their peculiar location or the improper or negligent manner in which
they are conducted.

Id. — Qualified Injunction. — Where the injurious effects complained of
as resulting from the running of a foundry and machinery may be
prevented without entirely abating or enjoining the works or the
operations thereof, only the causes of the specific injurious effects proved
should be enjoined, leaving the defendant at liberty to operate his works,
if he can, and elects to do so, in such a manner as to remove the cause
and prevent the injury.

Id. — Review on Appeal — Findings Contrary to Evidence — Rever-
sal of Judgment — Modification of Injunction. — Where, on ac-
count of exaggerated findings of fact not justified by the evidence,
the extent of the relief by injunction to which the plaintiff is entitled
against the improper operation of the foundry cannot be finally de-
termined on the appeal, a judgment totally enjoining the operation of
the foundry will be reversed, and not modified.

Appeal from a judgment of the Superior Court of the
city and county of San Francisco.

The facts are stated in the opinion of the court.

*John D'Arcy*, and *Otto tum Suden*, for Appellant.

*Clunie & Young*, for Respondent.

The Court. — The plaintiff and defendant are coter-
minous owners of lots of 27½ feet front on Fulton Street,
in San Francisco, and running back 120 feet, to Ash

Avenue. Each, with his family, resided on his lot, there being an open space of only five to six inches between their houses. The defendant operated a small brass-foundry on the first or ground floor of his house, with machinery incidental thereto, propelled by a small steam-engine having a cylinder of six inches diameter and seven inches stroke. The principal machinery consisted of turning-lathes for turning and polishing brass. The objects of this suit are to enjoin the operating and use of the foundry and machinery, on the ground that they are a nuisance to plaintiff, and to recover two thousand dollars damages. The allegations of the complaint in regard to the nuisance are as follows: —

" 3. That defendant has erected and maintained on his said premises, and used and operated for the two years last past, in the same place, and in close proximity to the above-described premises of plaintiff, a steam-engine and boiler, and lathe, and the machinery of a brass-foundry, and still maintains, uses, and operates the same, and threatens to continue to do the same; that he has operated and used, and operates and uses, and threatens to operate and use, the same, in such a manner as to disturb and annoy this plaintiff and this plaintiff's family, and to endanger the safety and health of this plaintiff and this plaintiff's family, and to offend the senses of this plaintiff and his family.

" 4. That the presence and proximity of said machinery, and its operation and use by defendant, has greatly injured and damaged plaintiff, in this: that defendant has used said machinery, and operated the same, for the last two years, continuously, night and day, and on Sundays, and at all times, and still so uses, and threatens to and will so use it; unless restrained by this court; that said machinery constantly produces intolerable noise, which deprives plaintiff and his family of all rest and enjoyment, and has produced such effect for two years last past, and has rendered the life of this plaintiff and

that of his family miserable; that by the jarring thereof
said building of plaintiff has been shaken and unsettled,
and the walls and plaster thereof broken and cracked;
that defendant has employed, and still employs, and
threatens to employ, unskilled employees in and about
said machinery, and thereby has endangered, and will
endanger, the safety of this plaintiff and this plaintiff's
family, and thereby keeps them in peril of their lives,
and will so keep them; that thereby the value of this
plaintiff's said property has been and is become greatly
impaired in value, and this plaintiff is and will be un-
able to rent the same, and will be compelled to abandon
the same, unless defendant be restrained from operating
the same machinery."

The answer denies that the operating of the foundry
and machinery is or ever was a nuisance; and denies
all averments tending to prove the nuisance.

As to the alleged nuisance and damage, the court
found the following facts:—

"That during all said times he, said defendant, used,
operated, and maintained the same said foundry, and
machinery, engine, and boiler, in such a manner as to
disturb and annoy the plaintiff and his family, and to
endanger the safety and health, and to offend the senses,
of the plaintiff and his family.

" 4. That the presence and proximity of said machin-
ery, and its operation and use by defendant, as aforesaid,
greatly injured and damaged plaintiff and his property;
that the defendant, during all of said two years next
before the commencement of this action, used and oper-
ated said engine, boiler, and machinery at unusual and
unseasonable hours, night and day, and on Sundays,
and that such use and operations caused intolerable
noise, produced offensive fumes, smells, smoke, and soot,
which extended to and within the said premises of
plaintiff; that by the jarring caused by the operation of
said machinery and engines, the said building of plain-

tiff was continuously shaken and unsettled, the walls and plastering therein broken and cracked, and said house rendered unsafe as a dwelling, and thereby greatly endangered the lives and safety of the plaintiff and his family; that on account of all thereof, the said property of plaintiff has been greatly impaired and depreciated in value, and the life and existence of plaintiff and his family rendered uncomfortable and miserable, and their health impaired.

"5. That by reason of the premises, plaintiff has been damaged in the sum of two thousand dollars.

"6. That the maintenance of said foundry, and the use and operation of said engine, boiler, and machinery, is, and during all of said times has been, a nuisance on said premises of defendant, and to said plaintiff and his family, upon plaintiff's said premises.

"7. That the said location of said foundry is in a residence portion of the said city of San Francisco, and is an unsuitable place for the location of such works."

As a condition of denying defendant's motion for new trial, the damages were reduced to twelve hundred dollars.

The judgment perpetually enjoins the defendant "from erecting, maintaining, having, keeping, or operating on said premises of defendant, described in the pleadings and records herein, said brass-foundry and machine-shop, boiler and engine, or any foundry or machine-shop, boiler or engine, causing noises, smoke, or other effluvium, injurious to health, offensive to the senses, or an obstruction to the free use of plaintiff's property described herein." And further orders and decrees that a permanent injunction issue to defendant and his servants and employees, "requiring him and them, and each of them, to perpetually refrain from having, maintaining, operating, or continuing the use of said brass-foundry and machine-shop, boiler and engine, or either thereof, on the said premises of defendant, and requir-

ing him and them, and each of them, to perpetually refrain from having, erecting, maintaining, or operating any brass-foundry, or foundry or machine-shop, boiler or engine, thereon, causing noises, smoke, or other effluvium, injurious to health, offensive to the senses, or an obstruction to the free use of plaintiff's property described herein, and that said nuisance now maintained on said premises of defendant be abated."

The defendant has appealed from the judgment, and from an order denying his motion for a new trial; and his counsel here contend that the evidence is insufficient to justify the findings, and that the findings do not support the judgment.

1. As to the effect of the running of the foundry and machinery upon the plaintiff and his family and his property, the evidence is extremely conflicting. On the part of the plaintiff it tends to prove that the defendant operated the foundry and machinery in such a manner as to offend the senses of the plaintiff and his family, and to interfere with the comfortable enjoyment of their residence. To this extent, the findings are justified by the evidence, notwithstanding the conflict, and entitle the plaintiff to an adequate remedy by injunction. But so far as the findings exceed this, we think they are not justified by the evidence. The evidence does not justify the findings that the noise was "intolerable," that said building of plaintiff was "continuously" shaken and unsettled, that said house was rendered "unsafe" as a dwelling, that the *lives* of the plaintiff and his family were "endangered" or rendered "miserable," or that their health was "impaired."

The points to which the evidence was directed were annoyances,—1. By smoke and soot; 2. By noise and jarring of machinery; 3. By noisome smells; and 4. By obstruction of sidewalk.

There is no finding, and no evidence to justify a finding, that either of these causes of annoyance and injury

to plaintiff was necessarily incident to the proper operation of the foundry or machinery complained of. Indeed, the evidence tends to prove that the injurious effects may be remedied without enjoining the running of the foundry or machinery, and that it was only the improper and negligent manner of running them that caused the injurious effects upon the plaintiff and his property. It is said that the smoke-stack and the steam-escape pipe are too low, that the boiler and engine are not properly set, and that the fuel is not such as should be used. There is no pretense that the "dipping" of brass castings in diluted acids, *upon the sidewalk*, was necessary, or that such dipping might not be done at some other place, from which the fumes would not reach plaintiff's house; nor that the improper obstruction of the sidewalk was necessary to the proper operation of the foundry or machinery.

A brass-foundry and machinery incident thereto are not *prima facie* nuisances; and a plaintiff who complains of them must allege and prove that they are such by reason of their peculiar location or the improper or negligent manner in which they are conducted. Therefore, where the injurious effects complained of may be prevented without abating or enjoining the works or the operations thereof entirely, only the causes of the specific injurious effects proved should be enjoined. If, for example, the cause be the production and escape of smoke and soot in such a way as that they penetrate plaintiff's premises, to his injury, the remedy by injunction should be restricted to this specific injury, and leave the defendant at liberty to operate his works, if he can, and elects to do so, in such a manner as to remove the cause and prevent the injury. (*Tuebner* v. *Cal. St. R. R. Co.*, 66 Cal. 171; *Sullivan* v. *Royer*, 72 Cal. 248; 1 Am. St. Rep. 51; Cooley on Torts, 2d ed., 714 et seq.; Wood on Nuisances, secs. 144, 151, 556, 559, 565; *Carson* v. *Central R. R. Co.*, 35 Cal. 332; *Brown* v. *Kentfield*, 50 Cal. 129.)

The first part of the injunction in this case restrains the defendant from operating the foundry or machinery complained of, in any manner, or at all; and the second part restrains him from operating "*any* foundry or machinery shop, boiler or engine, causing noises, smoke, or other effluvium, injurious to health, offensive to the senses, or an obstruction to the free use of plaintiff's property described herein." Even this last part is too general. It is not confined to such noises, smoke, and effluvium as shall be injurious to the health or offensive to the senses of the *plaintiff*, or to the occupants of *his property*.

That the injunction should be modified is apparent; but on account of the exaggerated findings of fact not justified by the evidence, the extent of the modification cannot be determined here.

The judgment and order are therefore reversed, and the cause remanded for a new trial.

WORKS, J., dissented.