[L. A. No. 2233.   In Bank.—January 4, 1910.]

WILLIAM J. JUDSON, Respondent, v. LOS ANGELES SUBURBAN GAS COMPANY (a Corporation), CALIFORNIA COKE AND GAS COMPANY (a Corporation), Defendants and Appellants; THADDEUS LOWE and T. S. C. LOWE, Defendants.

NUISANCE—OPERATION OF GASWORKS—SIMILAR SOURCES OF DISCOMFORT NOT A DEFENSE.—In an action to abate a nuisance caused by the method of operating certain gasworks, the fact that other sources of possible discomfort to the plaintiff existed in the neighborhood of his property is no defense.

ID.—ABATEMENT—IMPAIRMENT OF HEALTH NOT ESSENTIAL.—In order to justify the abatement of such a nuisance, it is not necessary that the health of the plaintiff or of members of his family should have been impaired. It is sufficient if the odors, sounds, and smoke were offensive to the senses.

ID.—INTERMITTENT NUISANCE MAY BE ENJOINED.—The fact that, owing to periodical cessation of work, variation in the direction of the wind, and the like, a nuisance is intermittent is not a reason for denying its abatement.

ID.—DAMAGES FOR PERSONAL DISCOMFORT—WANT OF DAMAGE TO PROPERTY.—In an action to recover damages caused by a nuisance, the plaintiff is entitled to recover for the personal discomfort or annoyance to which he has been subjected, without proving any damage to his property. It is for the trial court to determine the amount of the compensation he should receive for such damage.

ID.—GASWORKS NOT NUISANCE PER SE—UNLAWFUL METHOD OF OPERATION.—A gas factory does not constitute a nuisance *per se*, but, like any other sort of lawful business, the person conducting it is subject to the rule *sic utere tuo ut alienum non laedas*, even when operating under municipal permission or under public obligation to furnish a commodity. Nor will the adoption of the most approved appliances and methods of production justify the continuance of that which, in spite of them, remains a nuisance.

ID.—CONSTRUCTION OF JUDGMENT.—In such an action a judgment enjoin-
ing the defendant "from conducting and operating the gasworks
and manufactory . . . in such a manner as to cause or permit smoke,
gases or offensive smells or fumes to be emitted therefrom or to be
precipitated therefrom upon the property of the plaintiff," properly
interpreted, is not too broad, when it is conceded by the defendant
that the works cannot be operated at all without producing the con-
ditions complained of.

APPEAL from a judgment of the Superior Court of Los
Angeles County and from an order refusing a new trial.
Walter Bordwell, Judge.

The facts are stated in the opinion of the court.

Porter, Sutton & Cruickshank, for Appellants.

Emmet H. Wilson, and B. H. Donnell, for Respondent.

MELVIN, J.—This is an action for damages caused by an
alleged nuisance and for its abatement.    The action was dis-
missed as to defendants T. S. C. Lowe and Thaddeus Lowe.
The California Coke and Gas Company answered the com-
plaint herein, denying substantially all of its allegations, and
E. E. Crandall, as receiver of the Los Angeles Suburban Gas
Company, intervened and filed his answer.    He does not ap-
peal, however.    Plaintiff recovered judgment for seven hun-
dred and fifty dollars damages, and defendants were enjoined
from maintaining the nuisance.    This appeal is from the judg-
ment and from the order denying a motion for a new trial.

The complaint alleged that the California Coke and Gas
Company, as lessee of the other corporation, constantly man-
aged, conducted, and operated certain gasworks in such a
manner as to precipitate about and above the property of
plaintiff dense smoke and noxious, offensive gases.    It was
also alleged that the manufactory was so operated as to pro-
duce loud and disturbing noises, and roaring and rumbling
sounds which reached and penetrated to plaintiff's house and
studio, and, together with the smoke, gases, fumes, etc., dis-
turbed plaintiff and his family, making the house and studio
places "devoid of quiet, peace and rest."

Plaintiff's property is located upon the bank of the Arroyo
Seco in the city of Los Angeles.    Mr. Judson is an artist, and

at the time of the trial and for a long time prior thereto he had been occupying his studio building as a home, letting his adjacent dwelling house to a tenant. The gasworks are about nine hundred feet from plaintiff's property across the Arroyo in a southwesterly direction from his residence and studio. There is no proof that plaintiff's land has depreciated; that its rental value has been impaired; nor that the health of Mr. Judson or that of any member of his family has been injuriously affected by the operation of defendants' gasworks. He did assert, however, that the smoke, odor, and noise produced by the manufacture of gas at defendants' works interfered with his comfortable enjoyment of his property. The testimony adduced before the chancellor was of a conflicting character, and while, of course, we cannot, under our invariable rule, pass upon its weight, we must consider appellants' contention that the evidence is not sufficient to justify any judgment whatever in favor of respondent. Mr. Judson testified that the works were in the Arroyo fifty or sixty feet lower than his property; that nearly every day since the erection of the gasworks, at night as well as during the hours of daylight he had noticed offensive odors, and that the annoyance had gradually increased all the time. Speaking of the noises he testified: "The noises that I complain of consist of a continuous roaring sound and occasional explosioins. The roaring is almost continuous, and the explosions are frequent. The roaring sounded like the rumbling of a train, and the explosions sometimes like a shot out of a pistol, sometimes like a shotgun, sometimes like an explosion of dynamite, and again as though it were a large mass of gas that made a much heavier exploison but not so sharp. I heard these explosions sometimes frequently and sometimes there would be quite a period when it did not occur. These noises disturbed my sleep at night. The members of my family were also disturbed by these noises." He further said: "The smoke disturbed me whenever the wind carried it our way. The smoke was black and white and yellow. We noticed it very soon after the gasworks were built, and during the period of a year and a half prior to last January it was occasionally so thick as to obscure the landscape. These periods when it obscured the landscape probably lasted for from twenty minutes to an hour." While unable to state any exact amount of pecuniary damage, Mr. Judson testified that

the smoke, odors and noise had disturbed him in his occupation as an artist. He was corroborated by a number of his neighbors, some residing nearer and some farther from the gasworks than he did. Their testimony greatly resembled that of plaintiff, except for the immaterial variations which one expects in accounts given by different people of physical conditions and happenings. The smoke was described as being of a "very penetrating and unpleasant" odor, and as being at times so thick that "it is impossible to see across the road," or as sweeping over the Arroyo "in such quantities as to strongly suggest a London fog." The noise was described variously by the different witnesses, but all agreed that at times annoying explosions occurred, one lady liking the sounds to a Fourth of July celebration.

While it was shown on behalf of the defendants that the main line of the electric railroad between Los Angeles and Pasadena passed very near plaintiff's studio; that the tracks of two steam railroads were within a few hundred feet of his property; and that between the gasworks and his home a wagon-road crossed the Arroyo on a wooden bridge, we cannot say that the sounds inevitably coming from such sources would be as annoying as those produced by the explosions, clanking of machinery and hissing produced, according to the testimony, by the operation of the gasworks. The fact that other sources of possible discomfort to plaintiff existed in the neighborhood of his property is no defense to an action of this kind. (*Robinson* v. *Baugh*, 31 Mich. 294.) Nor can we say that the annoyance suffered by plaintiff was of a slight character and not such as justified the injunctive relief granted nor the damages awarded. Considered as a whole, we think the evidence on behalf of the plaintiff amply sufficient to sustain the judgment.

In order that a judgment of this character may be upheld, it is not necessary that the health of plaintiff or of members of his household should have been impaired. It is sufficient if the odors, sounds, and smoke were offensive to the senses. (*Meigs* v. *Lister*, 23 N. J. Eq. 201; *Coker* v. *Birge*, 9 Ga. 428, [54 Am. Dec. 347]; *Cleveland* v. *Citizens Gas Light Co.*, 20 N. J. Eq. 206; *Bohan* v. *Port Jervis Gas Light Co.*, 122 N. Y. 23, [25 N. E. 246]; *Hayden* v. *Tucker*, 37 Mo. 221.)

Admittedly the discomfort caused respondent by the operation of the gas factory was not constant. This makes no difference. It has been repeatedly and we think most properly held that where a nuisance is intermittent, owing to periodical cessation of work, variation in the direction of the wind and the like, nevertheless injunction will lie. The learned chancellor observed in *Ross* v. *Butler,* 19 N. J. Eq. 302, [97 Am. Dec. 654] : "I am not aware of any authority or established principle, holding that a clear, unmistakable nuisance, which it is intended to commit periodically, will be permitted because it does not exist the greater portion of the time, but only for a small portion of it. This court will not determine that a family shall have their dwelling-house made uncomfortable to live in for twelve hours, once in two weeks, or that they shall protect themselves by closing the house tightly, and remaining indoors for that time. It is surely no justification to a wrongdoer that he takes away only one twenty-eighth of his neighbor's property, comfort or life."

The fact that respondent proved no damage to the dwelling-house or herbage on his land nor to the rental, or vendible value of the property, does not prevent the court from awarding damages. In the very nature of things the amount of detriment sustained is not susceptible of exact pecuniary computation. It is for the court to say what sum of money the plaintiff should receive in view of the discomfort or annoyance to which he has been subjected. (Wood on Nuisances, secs. 563, 866; *Tuebner* v. *Cal. St. Ry. Co.,* 66 Cal. 175, [4 Pac. 1162] ; *Gavigan* v. *Atlantic etc. Co.,* 186 Pa. St. 604, [40 Atl. 834] ; *Berger* v. *Minneapolis etc. Co.,* 60 Minn. 296, [62 N. W. 336] ; *Hockaday* v. *Wortham,* 22 Tex. Civ. App. 419, [54 S. W. 1094].)

There is nothing in the *habeas corpus* proceedings in *In re Smith,* 143 Cal. 368, [77 Pac. 180], which conflicts with the conclusion reached by us in the case at bar. This court held in the Smith case that an ordinance passed by the board of supervisors of the county of Los Angeles prohibiting the erection of gas plants in that locality was invalid as being unreasonable. A gas factory does not constitute a nuisance *per se.* The manufacture in or near a great city of gas for illuminating and heating is not only legitimate but is very necessary to the comfort of the people. But in this, as in any other sort

of lawful business, the person conducting it is subject to the rule *sic utere tuo ut alienum non lædas,* even when operating under municipal permission or under public obligation to furnish a commodity. (*Terre Haute Gas Co.* v. *Teel,* 20 Ind. 131; *Attorney-General* v. *Gaslight and Coke Co.,* L. R. 7 Ch. Div. 217; *Sullivan* v. *Royer,* 72 Cal. 248, [1 Am. St. Rep. 51, 13 Pac. 655].) Nor will the adoption of the most approved appliances and methods of production justify the continuance of that which, in spite of them, remains a nuisance. (*Evans* v. *Fertilizing Co.,* 160 Pa. St. 223, [28 Atl. 702]; *Susquehanna Fertilizer Co.* v. *Malone,* 73 Md. 276, [25 Am. St. Rep. 594, 20 Atl. 900]; *Susquehanna Fertilizer Co.* v. *Spangler,* 86 Md. 562, [63 Am. St. Rep. 533, 39 Atl. 270].)

The judgment in this case enjoins the appellant "from conducting and operating the gasworks and manufactory . . . in such a manner as to cause or permit smoke, gases or offensive smells or fumes to be emitted therefrom or to be precipitated therefrom upon the property of the plaintiff." Counsel for appellant place upon this language the construction that it absolutely enjoins the gas companies from causing or permitting any smoke or gases to be emitted from the works, regardless of its reaching respondent's property or not. We think this interpretation of the injunction is not justified. The appellants are enjoined from maintaining the same sort of nuisance that had caused the annoyance to plaintiff. The injunction would perhaps be clearer if read with the first "therefrom" omitted, but we think the meaning is obvious. While the language does not limit the production of gases, etc., to such as would be inoffensive to plaintiff, it is clear, from the evidence of appellants' own witnesses, that the plant is operated with the least possible amount of escaping smoke, fumes, and gases. When so operated it has been a nuisance injuriously affecting respondent; therefore any conduct of the processes of manufacture for which that plant is equipped would but repeat the injury and annoyance to him. Consequently, the injunction is not too broad, as it might be if applied to some factory in which the injurious effects complained of might be prevented without abating the operation of the works entirely. In this essential particular the case at bar differs from *McMenomy* v. *Baud,* 87 Cal. 134, [26 Pac. 795], and that case is therefore not authority for the proposition that the

injunction is too broad. Here it is conceded by appellant that the works cannot be operated at all without producing the conditions which obtained when plaintiff commenced his action.

The judgment and order are affirmed.

Lorigan, J., Sloss, J., and Shaw, J., concurred.

Rehearing denied.