[Civ. No. 3084. First Appellate District, Division One.—December 31, 1919.]

## D. F. HILL, Appellant, v. CAROLINE SCHUMACHER, Respondent.

[1] BOUNDARIES—EXCESS FRONTAGE IN BLOCK—DISTRIBUTION AMONG SEVERAL LOT OWNERS — UNCERTAINTIES OF BOUNDARY LINES.— Where the original map of a tract shows a given block to be divided into a certain number of lots, each having an equal specified frontage, but the actual frontage of the block is in excess of that shown on the map, and a survey at any time would have shown this excess frontage, it cannot be said that an uncertainty as to the boundary line between two adjoining lot owners exists, where those lot owners are agreed that the excess frontage should be distributed *pro rata* among the owners of the several lots in the block. A boundary line is considered definite and certain when by survey it can be made certain.

---

1. Apportionment of excess or deficiency found to exist in tract of land subdivided into several tracts, note, **Ann. Cas.** 1912A, 1273.

[2] ID.—UNCERTAINTY OF BOUNDARY LINE—EVIDENCE—CONSTRUCTION
OF FENCE.—Whether adjoining property owners believed that an
uncertainty as to the location of the boundary line dividing their
properties existed at the time a given fence was erected is a ques-
tion to be proven by direct evidence or deduced from circumstances
in evidence. The mere acquiescence in the existence of the fence
and the occupancy of the land on either side of it would not
amount to an agreement that it was on the accepted boundary line.

APPEAL from a judgment of the Superior Court of Los
Angeles County. Fred H. Taft, Judge. Affirmed.

The facts are stated in the opinion of the court.

Frank C. Hill for Appellant.

Isidore B. Dockweiler, Wilbur D. Finch and Thomas A.
J. Dockweiler for Respondent.

BEASLY, P. J., *pro tem.*—This is an appeal by plaintiff
from a judgment against him in an action to quiet title
to a certain narrow strip of land in block 53 of the Huber
tract, in Los Angeles. The only question involved is that
of the existing law arising out of the following facts:

On September 24, 1905, plaintiff purchased lot No. 7, in
said block, the lot being described in his deed by its number
with that of the block and tract.

The defendant, Caroline Schumacher, is the owner of
lot 8 of said tract, and both the plaintiff and the defendant
deraigned title from a common source.

The original map of the tract shows block 53 to be divided
into ten lots of a uniform shape and size, each having a
frontage of sixty feet on Hill Street by a depth of 165 feet.
Resurveys made a short time prior to the commencement of
this action show block 53 to have an actual frontage of
604.2 feet, instead of six hundred feet, as shown by the
original map and survey, or an excess frontage of 4.2 feet
over and above the six hundred feet shown by the original
survey and plat for the ten lots into which the block was
divided.

In about the year 1885, a fence was constructed at or near
the common boundary line of lots 7 and 8, where it has
ever since remained. This fence was in part a picket fence

and in part what is commonly called a board fence, the pickets and boards being fastened on the north side of the posts. Lot 8 lies northerly from lot 7. The contention of plaintiff is that the boundary line is on the north side of the posts to which the pickets and boards are attached, and that this constitutes the true boundary between lots 7 and 8. There is no proof as to who erected the fence, nor of any dispute between the owners of the two lots at any time as to the boundary before this dispute arose, nor of any agreement under which the fence was erected between any owners of the respective lots.

The problem arising in the case is thus stated by plaintiff and appellant: "There are three methods of acquiring title in cases similar to case at bar, wherein a boundary fence is relied upon as the true line, to wit: 1 and 2 with which we are not concerned here, and, 3. Where there is either (a) in fact, an uncertainty as to the location of the true line, or (b) it is believed between parties that such an uncertainty exists, and then a fence is erected and acquiesced in for more than five years, such erection of such fence estops either party from thereafter questioning the true location of such line; this is the method of establishing the line relied upon by plaintiff."

[1] Let us first examine the question as to whether there was, in fact, an uncertainty as to the true line. Appellant argues that as surveys begun, respectively, at the north and south ends of the front line of Hill Street, in block 53, and run so as to give 60 feet to the lot along the frontage would locate at different places the boundary line between lots 7 and 8, there existed, in fact, an uncertainty as to its location. But he states the law to be that "between Eighth and Ninth Streets, there is a surplus of 4.2 feet and under the decisions this 4.2 feet should be distributed *pro rata* among the ten lots," and to this statement respondent agrees. A survey in this condition of the law, which plaintiff must be held to have known, would at any time have shown the extra frontage, and by the application of this agreed legal rule the true boundary line between the lots could have been made certain. That is certain which can be made certain. "The boundary is considered definite and certain when by survey it can be made certain through the deed." (*Janke* v. *McMahon,* 21 Cal. App. 781, [133

Pac. 21].)   Therefore, no uncertainty as to the fact of the location of the boundary can be held to have existed.

[2]   The other inquiry is whether it was believed between the parties that such uncertainty existed at the time the fence was erected.   This was a question of fact to be proven by direct evidence or deduced from circumstances in evidence. There was no direct·evidence on the point.   The only circumstance from which such a belief could have been deduced was the fact that the fence had existed without express objection from the owners of lot 8 for twenty or thirty years.   The existence of the fence alone must furnish the basis for the finding if such a finding is to be made; for there is no evidence that the parties ever considered the fence to be the line, no evidence that it was built as such; no evidence that the lot of appellant was used up to the line or that the strip in dispute was used by him at all except in a purely nominal manner, growing out of the occupation of his lot by a residence building which only covered a portion of the lot and did not impinge upon the part thereof in dispute. For all that appears, this fence may have been built by some owner of lot 8 on the land of that lot well inside the boundary thereof for the express purpose of escaping future disputes as to the ownership of the fence.   Such was not an uncommon practice thirty years ago.

Further, it seems to us that this case is disposed of by the language of the supreme court in the recent case of *Staniford* v. *Trombly,* 181 Cal. 372, [186 Pac. 599], where it is said: "The mere acquiescence in the existence of the fence and the occupancy of the land to the north of it would not amount to an agreement that it was on the accepted boundary line."   This case is within the letter of that recent authority.

The judgment is affirmed.

Kerrigan, J., and Richards, J., concurred.