HARRY HARMS et al.

vs.

STEVEN KUCHTA et al.

*Nuisance—Drainage on Adjoining Property—Liability of Purchaser.*

A shed extending against, and inclined towards, the wall of an adjoining owner, in such a way as to damage the wall by causing rain water to drain against it, constitutes an actionable nuisance.                                        p. 612

The rule that a purchaser of land is not liable by reason of a pre-existing nuisance thereon, unless he fails to abate it after notice of the nuisance, does not apply in favor of a purchaser who participated in the original creation of the nuisance.
                                                          p. 612

*Decided November 16th, 1922.*

Appeal from the Baltimore City Court (DAWKINS, J.).

Action by Steven Kuchta and Wladislawa Kuchta, his wife, against Harry Harms and Carstens J. Harms, trading as Harms Brothers. From a judgment for plaintiffs, defendants appeal. Affirmed.

The cause was submitted on briefs to BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*Albert S. J. Owens* and *Briscoe, Jones & Martin,* for the appellants.

*Milton Dashiell* and *George L. Fornoff,* for the appellees.

URNER, J., delivered the opinion of the Court.

The issue in this case was joined upon allegations and denial, in the pleadings, that the defendants erected a shed extending against and inclined towards the wall of the plaintiffs' building and that it was damaged by the resulting drainage. The plaintiffs recovered a judgment on the verdict of a jury, and the defendants have appealed. There were four exceptions reserved at the trial, but the only one urged in the appellants' brief relates to the refusal of the court below to withdraw the case from the jury.

It is argued that in two respects the evidence is legally insufficient to entitle the plaintiffs to recover. There is said to be no proof that there was in fact any drainage from the defendants' shed against the plaintiffs' wall. It is further asserted that, assuming the alleged conditions to have existed, the defendants, having acquired, since the erection of the shed, their title to the property on which it is located, could not be liable for the nuisance complained of unless they continued it by their own action or failed to abate it after notice, and they contend that there is no proof of any conduct on their part which could properly be regarded as a continuance of the nuisance, and that no evidence has been offered as to any notice having been given them for its abatement.

There is evidence in the record to the effect that the defendants themselves built the shed in question in 1914, and the machinery of one of them was stored under it at that time, the property on which it was constructed being then owned by their mother, who conveyed it to them the following year. The plaintiffs purchased their adjacent property some months before the erection of the shed, and there is testimony that the wall towards which it inclined was previously in good condition, but that afterwards the wall became damp, some crevices developed in it, and the plaster fell from it in the lower rooms. It was testified also that one of the plaintiffs protested to one of the defendants against the erection of the shed before its completion. There is a

conflict in the evidence as to nearly all of the salient facts of the case, but the jury accepted the testimony of the plaintiffs and their witnesses, and the verdict was rendered accordingly.

The jury could readily find from the evidence adduced by the plaintiffs that their wall was damaged by rain-water flowing against it from the defendants' shed. It is indisputable that such a condition would constitute an actionable nuisance. 20 R. C. L. 434 and cases there cited.

The rule as to notice, upon which the defendants rely, and as quoted by their counsel from the opinion in *Walter* v. *County Commissioners of Wicomico County,* 35 Md. 390, is that "if one in possession ·erect a nuisance, his successor is not liable, unless his conduct amount to a continuance, and if no act of continuance be shown, there must be notice to remove, and neglect or refusal to remove before action." But the benefit of this rule was there accorded and limited to a party by whom the nuisance had not been created. In *Lion* v. *City Pass. Ry. Co.,* 90 Md. 275, it was said, in the opinion delivered by CHIEF JUDGE McSHERRY: "A person who has not erected a work that may became a nuisance or occasion damage or who was in no way connected with its construction is not responsible for the injury it does cause. If he subsequently becomes the owner of the property upon which the nuisance is located, and thus gets control of the injurious thing, knowledge that it is injurious must be brought home to him and an opportunity must be afforded him to abate it before he can be made liable, otherwise he would be held responsible, not for his own but, for his grantor's wrongful act. If with that knowledge he does not abate the nuisance he is treated as continuing it." The same principle was thus stated in *Guest* v. *Church Hill,* 90 Md. 695, in the opinion delivered by JUDGE SCHMUCKER: "If a person, who has not constructed a work which is a nuisance or causes damage, comes into possession of it he is entitled to knowledge or notice of its injurious character and

an opportunity to abate it before he can be held liable, but the original wrongdoer is not entitled to any notice before being sued for the injury caused by his own act." It is said in 20 *R. C. L.* 393 that "where the purchaser of the land makes changes in the character or structures of the nuisance, or was an actor in the erection thereof, he may be held liable for the injuries caused without notice from the person injured." To the same effect is the statement in 25 *Cyc.* 1296.

In this case there was testimony tending to prove not only that the defendants constructed, as a shelter for the machinery of one of them, the shed of which the owners of the adjacent property complain, but also that it was completed against the plaintiffs' definite objection. If such were the facts, as the jury doubtless concluded, there was clearly no necessity for a further and formal notice to the defendants of the alleged nuisance before the institution of the suit. The mere circumstance that their acquisition of title was subsequent to their participation in the erection of the shed could not entitle them to demand, as a pre-requisite to this action, that they be notified of conditions which, as there is evidence tending to show, they brought into existence, and which they have allowed to continue during the period of their ownership. The reason of the rule in regard to notice of a nuisance has no reference to such a state of facts.

There was consequently no error in the refusal of the trial court to direct a verdict for the defendants on the grounds suggested. In none of the other rulings to which the four bills of exception in the record refer, but which are not questioned on appeal, have we found any error.

*Judgment affirmed, with costs.*