[L. A. No. 7911. In Bank.—May 8, 1926.]

## BARBARA DAUBERMAN, Respondent, v. JOHN GRANT, Appellant.

[1] NUISANCES — MAINTENANCE OF SMOKE-STACK — CONVEYANCE OF SMOKE INTO PLAINTIFF'S DWELLING—INJUNCTION—FINDINGS.—In an action to enjoin the defendant from maintaining, among other things, a chimney or smoke-stack on the premises adjoining those of the plaintiff in such a manner that smoke therefrom shall be conveyed into the plaintiff's dwelling-house, a finding that "great volumes of offensive smelling, thick, black smoke is emitted from a chimney or smoke-stack in the rear of defendant's said building, the top of which is only a few feet above the roof thereof; and that said smoke, by reason of its denseness and the further fact that it is emitted so close to the ground and at a point so near the plaintiff's dwelling house, has been and is conveyed by the wind into said dwelling house in such quantities as to be of considerable annoyance to plaintiff and plaintiff's family," is in effect a finding that the "offensive smelling, thick, black, smoke," which emanated from the defendant's smoke-stack, was saturated with soot.

[2] ID.—SMOKE AND SOOT.—Smoke and soot may constitute a nuisance.

[3] ID.—LOCATION OF BUSINESS—NEGLIGENCE IN CONDUCT OF BUSINESS.—A business may be a nuisance either by reason of its location or by reason of the improper or negligent manner in which it is conducted.

[4] ID.—INDUSTRIAL NEIGHBORHOOD—CONDUCT OF BUSINESS.—The fact that the neighborhood in which defendant's business was located was devoted to some extent to industry did not authorize the defendant to conduct his business in such a manner as to interfere with the right of the plaintiff to the clean comfort of her residence.

[5] ID.—HEIGHT OF SMOKE-STACK—POLLUTION OF AIR.—The maintenance of a smoke-stack at such a low height as to permit the pollution of the air of the plaintiff's premises and thereby interfere with the comfortable enjoyment of the same when such pollution and interference could be avoided and obviated by the simple expedient of increasing the height of the smoke-stack was sufficient to constitute a nuisance and the trial court was correct in so finding.

2. Nuisance resulting from smoke as subject for injunctive relief, note, 6 A. L. R. 1575.

See, also, 20 Cal. Jur. 296; 20 R. C. L. 420.

3. See 20 Cal. Jur. 298; 20 R. C. L. 438.

[6] ID.—DAMAGES.—In such action, it was not necessary to the recovery of damages caused by the nuisance of smoke and soot to prove actual damage to plaintiff's property. She was entitled to recover for the personal discomfort and annoyance to which she had been subjected and it was a question for the trial court to determine the amount of the compensation which she should receive.

[7] ID.—PRECIPITATION OF RAIN WATER FROM BUILDING—INTERFERENCE WITH NEIGHBOR'S PROPERTY — ORDINARY CARE. — Although the owner of a building may not be charged with the duty of keeping, at all events and under all circumstances, the rain water falling upon and flowing from his building from flowing on to adjacent land, he is under a duty to use at least ordinary and reasonable means to prevent the use of his property from interfering with the use and enjoyment of his neighbor's property; and the absence of any effort on his part to obviate the annoyance and discomfort caused by the precipitation of rain water from his building upon the neighboring property creates a situation which constitutes a nuisance.

[8] ID.—BOUNDARY LINE OF PROPERTIES—EVIDENCE.—In an action to enjoin the defendant from maintaining, among other things, his building or shop on lands adjoining the property of plaintiff in such a way that the storm or rain water shall flow upon the premises of the plaintiff, the trial court committed error in refusing to permit defendant to introduce evidence to prove that the fence to which the rear wall of his shed was attached was not located upon the true boundary line separating his property from the plaintiff's property, but was located entirely upon his premises and that, as a matter of fact, the water precipitated from his shed fell upon his own ground.

[9] ID.—AGREED BOUNDARY LINE RULE—EVIDENCE.—In such action, the trial court was in error in attempting to apply the principle governing the cases of agreed boundary line to the case at bar, where there was no evidence that any uncertainty existed as to the boundary line or that the parties ever reached any agreement that the location of the fence should mark and measure the boundary line between their properties.

[10] ID. — ACQUIESCENCE IN EXISTENCE OF FENCE — OCCUPANCY OF LAND ON EITHER SIDE—BOUNDARIES.—Mere acquiescence in the existence of the fence and the occupancy of the land on either

---

6. See 20 Cal. Jur. 331; 20 R. C. L. 469.

7. Water falling from roof upon premises of adjoining owner as nuisance, note, 36 L. R. A. (N. S.) 1172. See, also, 20 R. C. L. 434.

10. See 4 Cal. Jur. 436; 4 R. C. L. 130.

side of it would not amount to an agreement that it was on the accepted boundary line.

[11] ID. — FALLING OF RAIN WATER — FINDING—EVIDENCE. — In such action, not only was it error on the part of the lower court to refuse to permit the defendant to show the true boundary line between the plaintiff's and defendant's property, but the finding that the storm and rain water falling upon the roof of the defendant's shed fell and flowed upon the plaintiff's land was unsupported by the evidence.

[12] ID.—PLEADING—DEMURRERS.—In this action to enjoin defendant from maintaining a smoke-stack on the premises adjoining those of the plaintiff in such a manner that smoke therefrom shall be conveyed into the plaintiff's dwelling-house, to enjoin defendant from maintaining his building on said premises in such a way that the storm or rain water shall flow upon the premises of the plaintiff, also to enjoin defendant from maintaining and operating a steam-hammer upon his premises, and for damages, defendant's demurrer to plaintiff's complaint was well taken upon the ground that it was ambiguous, among other things, in the particular that it could not be determined therefrom what portion of the damage alleged to have been suffered by the plaintiff was attributable to each of the three things which the plaintiff's complaint alleged constituted a nuisance.

---

(1) 29 Cyc., p. 1189, n. 90.   (2) 29 Cyc., p. 1188, n. 89, p. 1189, n. 90.   (3) 29 Cyc., p. 1155, n. 23, p. 1157, n. 31, p. 1161, n. 60. (4) 29 Cyc., p. 1158, n. 34, 35.   (5) 29 Cyc., p. 1161, n. 68.   (6) 29 Cyc., p. 1190, n. 3, p. 1191, n. 15.   (7) 29 Cyc., p. 1178, n. 63; 40 Cyc., p. 651, n. 53.   (8) 40 Cyc., p. 654, n. 83.   (9) 9 C. J., p. 233, n. 10.   (10) 9 C. J., p. 232, n. 3.   (11) 40 Cyc., p. 654, n. 84.   (12) 29 Cyc., p. 1242, n. 96 New; 31 Cyc., p. 282, n. 19.

APPEAL from a judgment of the Superior Court of Los Angeles County. L. H. Valentine, Judge. Reversed.

The facts are stated in the opinion of the court.

Julius V. Patrosso and C. C. Mishler for Appellant.

T. J. K. MacGowen for Respondent.

LENNON, J.—This appeal is from a judgment enjoining defendant from maintaining a chimney or smoke-stack on the premises adjoining those of the plaintiff in such a manner that smoke therefrom shall be conveyed into the plaintiff's dwelling-house, and also enjoining the defendant from

maintaining his building or shop on lands adjoining the property of plaintiff in such a way that the storm or rain water shall flow upon the premises of the plaintiff, and for damages in the sum of five hundred dollars. Plaintiff also sought to have the defendant enjoined from maintaining and operating a steam-hammer upon his premises, alleging that the foundation, walls, and ceilings of her dwelling-house had been cracked by reason of the vibration attendant upon the use and operation of said steam-hammer, and seeking damages for such injury in the sum of six thousand dollars. The case was tried without a jury. Upon the phase of the case last mentioned the trial court found in favor of the defendant to the effect that the neighborhood was an industrial neighborhood and that the operation of the steam-hammer was not a nuisance and that the vibrations caused by the said steam-hammer had not damaged the dwelling-house of the plaintiff in any amount. The trial court, however, did find that the maintenance and operation of the smoke-stack and the precipitation of the rain water upon the lands of the plaintiff constituted a nuisance.

The defendant, as ground for a reversal, insists that the evidence does not support the finding as to the existence of a nuisance in the particulars last stated. In this behalf it is argued that the mere maintenance of a chimney or smoke-stack in connection with the operation of an industrial plant in an industrial neighborhood cannot be decreed to be a nuisance in the absence of a finding that, in addition to the emanation of smoke from the smoke-stack, soot, and sparks were caused to be conveyed and deposited upon the property of the plaintiff, as the result of the operation of defendant's plant.

Responding to defendant's contention that "mere smoke" will not constitute a nuisance, it will be noted that there is evidence in the record that not only smoke but soot as well issued from defendant's smoke-stack and permeated the air and penetrated plaintiff's premises, to her annoyance and inconvenience.

[1] The finding of the court upon this particular phase of the case was, "That great volumes of offensive smelling, thick, black smoke is emitted from a chimney or smoke-stack in the rear of defendant's said building, the top of which is only a few feet above the roof thereof; and that

said smoke, by reason of its denseness and the further fact that it is emitted so close to the ground and at a point so near the plaintiff's dwelling house, has been and is conveyed by the wind into said dwelling house in such quantities as to be of considerable annoyance to plaintiff and plaintiff's family.'' It may be fairly said, we think, that this finding was in effect a finding that the ''offensive smelling, thick, black smoke,'' which emanated from the defendant's smoke-stack, was saturated with soot. [2] Smoke and soot may constitute a nuisance. (*Tuebner* v. *California St. R. R. Co.*, 66 Cal. 171 [4 Pac. 1162]; *Sullivan* v. *Royer*, 72 Cal. 248 [1 Am. St. Rep. 51, 13 Pac. 655]; *McMenomy* v. *Baud*, 87 Cal. 134 [26 Pac. 795]; *Judson* v. *Los Angeles Suburban Gas Co. etc.*, 157 Cal. 168 [21 Ann. Cas. 1247, 26 L. R. A. (N. S.) 183, 106 Pac. 581].) [3] A business may be a nuisance either by reason of its location or by reason of the improper or negligent manner in which it is conducted. (*McMenomy* v. *Baud, supra.*) [4] True, the record shows that the neighborhood in the instant case is devoted to some extent to industry, but that fact did not authorize the defendant to conduct his business in such a manner as to interfere with the right of the plaintiff to the clean comfort of her residence. The record shows that the smoke and soot from industries operated by persons other than the defendant in the same neighborhood caused no inconvenience because the smoke-stacks of such other industries are of such a height that the smoke is carried over the roofs of the houses. The smoke-stack of the defendant, however, is so low that the smoke is carried into the adjacent dwelling-house of the plaintiff. [5] The maintenance of a smoke-stack at such a low height as to permit the pollu· tion of the air of the plaintiff's premises and thereby in· terfere with the comfortable enjoyment of the same when such pollution and interference could be avoided and obviated by the simple expedient of increasing the height of the smoke-stack, was sufficient to constitute a nuisance and the trial court was correct in so finding.

[6] It was not necessary to the recovery of damages caused by the nuisance of smoke and soot to prove actual damage to plaintiff's property. She was entitled to recover for the personal discomfort and annoyance to which she had been subjected and it was a question for the trial court to determine the amount of the compensation which she

should receive.    (*Judson* v. *Los Angeles Suburban Gas Co.,* *supra.*)

Defendant does not deny, as the evidence shows and as the trial court found, that rain water from the roof of his shed was precipitated upon the land beneath, thereby rendering the same excessively soggy and muddy during the rainy season of the year, but insists that the discharge of water from the roof is a mere incident to urban life and he cannot, therefore, be held responsible for the maintenance of a nuisance in this particular. [7] Although the owner of a building may not be charged with the duty of keeping, at all events and under all circumstances, the rain water falling upon and flowing from his building from flowing on to adjacent land, he is under a duty to use at least ordinary and reasonable means to prevent the use of his property from interfering with the use and enjoyment of his neighbor's property; and the absence of any effort on his part to obviate the annoyance and discomfort caused by the precipitation of rain water from his building upon the neighboring property creates a situation which constitutes a nuisance. (1 Wood on Nuisances, 3d ed., sec. 110; *Harms et al.* v. *Kuchta et ux.,* 141 Md. 610 [119 Atl. 454]; *Dallas Land & Loan Co.* v. *Garrett* (Tex. Civ. App.), [276 S. W. 471]; *Melin* v. *Richman,* 96 Conn. 686 [115 Atl. 426].)

[8] Defendant, however, complains that the trial court committed error in refusing to permit him to introduce evidence to prove that the fence to which the rear wall of his shed was attached was not located upon the true boundary line separating his property from the plaintiff's property, but was located entirely upon his premises and that, as a matter of fact, the water precipitated from his shed fell upon his own ground. This complaint is, we think, justified. Had the evidence been admitted it might have shown that no part of the water cast from the roof of the defendant's building found its way to the plaintiff's premises but fell entirely upon the premises of the defendant. This would have been a complete defense. The trial court evidently proceeded upon the theory as expressed in its finding, "that said fence has been mutually accepted and regarded by the owners of said respective pieces of real estate as the dividing line between said properties at all times since its erection." [9] The lower court was in error in attempting to apply the principle governing the cases of

agreed boundary line to the case at bar. The record is devoid of any evidence that any uncertainty existed as to the boundary line or that they ever reached any agreement that the location of the fence should mark and measure the boundary line between their properties. [10] .Mere acquiescence in the existence of the fence and the occupancy of the land on either side of it would not amount to an agreement that it was on the accepted boundary line. (*Staniford* v. *Trombly*, 181 Cal. 372 [186 Pac. 599]; *Hill* v. *Schumacher*, 45 Cal. App. 362 [187 Pac. 437]; *Janke* v. *McMahon*, 21 Cal. App. 781 [133 Pac. 21].)

[11] Not only was it error on the part of the lower court to refuse to permit the defendant to show the true boundary line between the plaintiff's and defendant's property, but the finding that the storm and rain water falling upon the roof of the defendant's shed fell and flowed upon the plaintiff's land was unsupported by the evidence. This will necessitate a reversal of the judgment.

[12] The defendant demurred to the plaintiff's complaint upon the ground that it was ambiguous, among other things, in the particular that it could not be determined therefrom what portion of the damage alleged to have been suffered by the plaintiff was attributable to each of the three things which the plaintiff's complaint alleged constituted a nuisance. The demurrer was apparently well taken. The evidence adduced at the trial did not tend to clear up the ambiguity. Doubtless, upon the going back of the case, the ambiguity in the pleadings will be corrected by a proper amendment.

Judgment is reversed and the cause remanded for a new trial.

Shenk, J., Richards, J., Curtis, J., Lawlor, J., Seawell, J., and Waste, C. J., concurred.