DRAPER et al. v. J. B. & R. E. WALKER, Inc.

No. 7685.   Decided May 12, 1952.   (244 P. 2d 360.)

See 66 C. J. S., Nuisances, sec. 134. Industrial plant noises, nuisance created by, 39 Am. Jur., Nuisances, sec. 47 et seq.; 90 A. L. R. 2d 1207.

*Fred L. Finlinson, Franklin Riter,* Salt Lake City, for appellant.

*Mulliner, Prince & Mulliner,* and *Irwin Clawson,* all of Salt Lake City, for respondents.

ELLETT, District Judge.

The plaintiffs below are the owners of homes near the mouth of Big Cottonwood Canyon in Salt Lake County, Utah. The particular area where their homes are situated was selected years ago because of its cool summers and isolation from the bustle and ado of a busy world. In 1946 the defendant commenced the construction of a sand and

gravel processing plant near the homes of the plaintiffs. In October of 1949 plaintiffs began this action to restrain the defendants from operating its gravel plant on the ground that the operation of said plant constituted a nuisance, in that the operation of said plant produced great quantities of dust, noise, and unusual flashes of light. Plaintiffs also allege as grounds of nuisance that the defendant has dug away the roads leading to the plaintiffs' property and has placed huge stockpiles of sand and gravel so as to obstruct rights-of-way, paths and other means of ingress and egress to and from their property.

The court below, after a lengthy trial, found that the operation of the plant constituted a nuisance and enjoined and restrained the defendant

"from maintaining, using, or operating or permitting the use or operation of the gravel pit and processing plant in connection therewith so as to create a nuisance affecting plaintiffs, their lands, homes, premises, and the use thereof arising from objectionable noise, dust, and flashing lights as found by the court and in the manner and as more particularly set out and described in the findings of fact on file herein."

The evidence was such as to justify the court in declaring that a nuisance existed, and the defendant does not claim that the court erred in that respect. However, the defendant does object to the decree as entered by the court on the ground that the same is not sufficiently definite to apprise it of what it may do and what it may not do in the future operation of its plant. The defendant further complains that the court erred in permitting plaintiffs to prove that the rights-of-way which were obstructed were ways of necessity.

Counsel for both appellant and respondents told the court on oral argument that contempt proceedings had been instituted against the defendant in the court below and that a definite program had been worked out which would permit the operation of the plant; and in view of the oral

statements made, it would seem that the decree by subsequent proceedings has been made sufficiently clear that defendant may operate its plant if it complies with the requirements laid down by the court.

There is authority to the effect that the decree as made is sufficient. In the case of *Williams* v. *Blue Bird Laundry Company*, 85 Cal. App. 388, 259 P. 484, 486, the court said:

"It is strenuously contended that because the judgment merely restrains the defendant from so conducting its plants as to cause loud noises, offensive odors, black smoke and soot, it is so indefinite as to render it ineffective, and that it must be reversed; that it is impossible to determine what degree of noise, or degree of odor, etc., would constitute a violation of the injunction; and that the defendant may be subjected to citations for contempt at any time that one of the plaintiffs may deem any noise, odor or smoke objectionable to himself. However, the judgment plainly states that the laundry or laundries shall be so operated as to avoid causing loud noises, offensive odors, black smoke, or soot, or in any other such manner as to be deleterious to the health of the plaintiffs. We think the entire judgment when read together is sufficiently definite in this regard."

In the case of *Judson* v. *Los Angeles Suburban Gas Company*, 157 Cal. 168, 106 P. 581, 583, 26 L. R. A., N. S., 183, the court said:

"The judgment in this case enjoins the appellant 'from conducting and operating the gasworks and manufactory * * * in such a manner as to cause or permit smoke, gases or offensive smells or fumes to be emitted therefrom or to be precipitated therefrom upon the property of the plaintiff.' Counsel for appellant place upon this language the construction that it absolutely enjoins the gas companies from causing or permitting any smoke or gases to be emitted from the works, regardless of its reaching respondent's property or not. We think this interpretation of the injunction is not justified. The appellants are enjoined from maintaining the same sort of nuisance that had caused the annoyance to plaintiff."

It appears to us that a defendant who wants to operate a plant which has been declared to be a nuisance should offer evidence to the court as to how the plant could be used

without creating a nuisance before he complains that the court did not tell him how he could use his plant. We think it puts too great a burden upon a trial judge to undertake upon his own initiative a determination of how an offending defendant should correct his errors.

The greater part of defendant's brief is devoted to its contention that the court erred in permitting plaintiffs to prove that the rights-of-way which were destroyed and obliterated were rights-of-way by necessity, and in refusing to strike all evidence relating to a right-of-way. Defendant contends that the action for nuisance was converted into an action to try title to realty, and since the defendant is a lessee only of the property upon which the rights-of-way were claimed to exist, that the court should have made the owner of the land a party to the action before it attempted to determine whether or not the plaintiffs had a way of necessity or a right-of-way at all.

The complaint of the plaintiffs insofar as material to this issue is as follows:

"6. That in the operation of said gravel plant aforesaid, defendant * * * moves great great quantities of dirt * *. * and by * * * the stockpiling of the resulting sand and gravel, the roads, lanes, and creek located on the lands of the plaintiffs and in the vicinity thereof, have become obstructed.

"7. That in the operation of the said gravel plant aforesaid defendant has * * * changed the terrain from its original state, has dug away the roads and placed huge stock piles of sand and gravel, so that defendant has blocked and made parts of plaintiffs' property inaccessible by obstructing rights of way, paths and other means of ingress and egress to the property of the plaintiff."

Again in the last sentence of Paragraph 8 of the complaint it is alleged, in part:

"8. * * * That the operation of said gravel pit and processing plant, as aforesaid, * * * is * * * an obstruction to the free use and access to their property * * *."

The prayer also relates to the matter as follows:

"Wherefore, plaintiffs pray  *  *  *  that the defendant be required and ordered by the court to restore all rights of way, paths and other means of ingress and egress to their premises  *  *  *."

Prior to the trial of this matter, a pretrial meeting of counsel and court was had wherein the court determined that among other things the issues would be:

"(1) That the Court find and determine whether the operations of the defendant constitute or result in a nuisance, and if so,

"(a) Whether there should be a complete injunction preventing the defendant from continuing its operations; and in the event the Court finds that the defendant should not be enjoined from continuing its operations, then,

"(1) What limitations, if any should be imposed upon the defendant to eliminate the nuisance or reduce it to a minimum and thus permit the defendant to continue its operations;

"(2) The Court to determine what charges and adjustments should be made in the defendant's operations to reduce the nuisance factor and permit the defendant to continue its operations.

"(2) The question of damages to be reserved for subsequent pleadings and hearings upon which damages, past and prospective, will be determined in the event there is a nuisance."

Counsel for the defendant attended the pretrial proceedings and made no request to have the plaintiffs state the origin of their rights-of-way. Before trial was had in this matter, the defendant propounded interrogatories to the plaintiffs pursuant to Rule 33, Utah Rules of Civil Procedure, in which defendant required plaintiffs to identify their respective tracts and parcels of land and describe them by metes and bounds and to set forth the nature of their ownership in their respective tracts of land, together with the dates upon which they acquired title to each parcel. Defendant also required plaintiffs to set forth the exact location of the rights-of-way, paths and other means of ingress and egress to and from their respect parcels of land and to set forth the exact location of the obstructions

or impediments to the use of said rights-of-way. The plaintiffs answered the interrogatories propounded.

It will be noted that the defendant did not, prior to the trial, make any request on the part of the plaintiffs to set forth the origin of their claimed rights-of-way, and it appears to us that this lawsuit insofar as it applies to rights-of-way involved the issue of whether or not rights-of-way had been obliterated and covered up.

After evidence had been received concerning the obstruction to the rights-of-way and after the trial had been in process for some time, counsel for the defendant made an objection on the ground that there was no evidence to show that any of the plaintiffs had any right to use a roadway that was proved to have been covered up, and moved the court to strike the entire evidence on the grounds that the record as it stood at that time failed to show any legal right on the part of plaintiffs, or any of them, to use the roadway in question. There was no objection made on the ground that the evidence was not within the issues of the case, nor was any objection made to the litigating of the issue as to whether plaintiffs had a right-of-way or as to whether said way had been blockaded.

The chief stockholder of the defendant corporation, the wife of its president, was the owner of the land upon which the claimed rights-of-way existed. Neither party attempted at any time to bring her into this lawsuit, and it is conceeded by the plaintiffs that the findings of the court to the effect that the defendant had covered up rights-of-way belonging to these plaintiffs would in no manner preclude the owner of the land from showing that plaintiffs had no legal right to use the road in a subsequent action between her and the plaintiffs if one should arise.

The evidence was sufficient to show that a way of necessity existed in favor of these plaintiffs and that it was covered up by the stockpiling and works of the defendant corporation. However, counsel objects on the ground

that there were no pleadings which would justify the court in making such a determination.

Rule 15(b) of the Utah Rules of Civil Procedure reads as follows:

"(b) Amendments to Conform to the Evidence. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; *but failure so to amend does not affect the result of the trial of these issues.* If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court shall grant a continuance, if necessary, to enable the objecting party to meet such evidence." (Emphasis added.)

Concerning similar rule in the Federal practice, it is said in Moore's Federal Practice:

"At the trial, Rule 15 enables the case to be litigated on the merits. It does this in two ways: (a) in effect pleadings are automatically amended to conform to proof on issues tried by express or implied consent.[9] * * * The sporting element in litigation is eliminated."

And in note 9, referred to in the text, we read:

"9. This is true because Rule 15(b) provides: 'Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues.' (3 Moore Federal Practice (Rev. Ed.) p. 805, sec. 15.02)"

We are of the opinion that a determination of the rights between the owner of the land and these plaintiffs is not necessary to a determination of whether or not the defendant blocked the rights-of-way used by the plaintiffs. Whether the rights-of-way were by grant,

necessity, or permission would be immaterial if in truth and in fact such rights-of-way were interfered with by defendant.

In view of the fact that the trial of this lawsuit began October 19, 1950, and the 16th and last day of the trial was had January 5, 1951, we think the defendant had ample opportunity to produce any evidence necessary to show that the plaintiffs had no right-of-way at all. We believe that by permitting evidence to be received concerning the rights-of-way that it cannot be heard to complain that the issues do not permit a finding that the plaintiffs had rights-of-way and that they were blockaded by the defendant. We think Rule 15(b) of the Utah Rules of Civil Procedure set forth above automatically takes care of that contention.

During trial of the lawsuit, plaintiffs were permitted to file an amendment alleging that the machinery and operations of the defendant constituted an attractive nuisance which attracted children onto the sand and gravel piles and to the machinery of the defendant. Counsel for the defendant objected to the amendment and to any evidence being offered thereto, and he assigns the overruling of his objections as error on the part of the court.

In view of the fact that the court did not find that the defendant maintained an attractive nuisance, we think that no perjudicial error was committed by the court and that the defendant was not harmed thereby.

The judgment of the lower court is affirmed. Respondents are awarded their costs.

WOLFE, C. J., and McDONOUGH, WADE and CROCKETT, JJ., concur.

HENRIOD, J., having disqualified himself, did not particpate.