GEORGE L. HUNT *vs.* LOWELL GAS LIGHT COMPANY.
SAME & wife *vs.* SAME.

In an action against a gas light company to recover damages for an injury to the plaintiff's health caused by an escape of gas from a main pipe in a public street, from which it passed through various sewers and drains into the cellar of the house and thence into the house occupied by the plaintiff, evidence is competent to show that all the other persons living in the same house, who had been in good health before the time complained of, afterwards became ill, for the purpose of showing the effect of the gas upon others who inhaled it at the same time with the plaintiff; and it is immaterial whether the injury was caused by inhaling gas of the defendants, or other gases from the sewers and drains which it set in motion, provided the plaintiff was not guilty of negligence, and the defendants were guilty of negligence.

There is no established form for questions to experts in this commonwealth, and any question may be proper which will elicit their opinions as to the matters of science or skill which are in controversy, and at the same time exclude their opinion as to the effect of the evidence in establishing controverted facts.

Two actions of tort, tried together, against a gas light company for an injury to the plaintiffs' health from the inhalation of gas which escaped from the defendants' pipes.

At the trial in this court, before *Metcalf*, J., the evidence tended to show that the plaintiffs lived in New Hampshire, and on the 4th of February 1857 came to the house of Aaron Hunt in Lowell and remained there for nine days; that gas had escaped into the house under the circumstances stated in 1 Allen, 344, and the plaintiffs became ill, and returned home, where they were sick for several weeks. The plaintiffs were allowed to prove, against the defendants' objection, that up to that time the family of said Aaron had been in perfect health, and that immediately or soon after the escape of the gas into the house every member of the family became seriously sick; but no evidence of the particulars of the sickness of any of them was admitted.

The judge instructed the jury that the defendants were equally liable whether the plaintiffs were injured and made sick by the defendants' gas alone, or by gases generated in the sewer and drain through which it passed, if the same were carried by the defendants' gas into the house; provided they should find that the plaintiffs were not guilty of negligence, and that the defendants were guilty of negligence.

The plaintiffs called three physicians who had heard the testimony on the part of the plaintiffs, which was not conflicting, and asked each of them this question: " Having heard the evidence, and assuming the statements made by the plaintiffs to be true, what in your opinion was their sickness, and do you see any adequate cause for the same ? " The defendants objected to this question, but the judge allowed it to be put, and the witnesses answered that " their sickness was of a low typhoid type, and that the breathing of gas, as stated by them, at the house of Aaron Hunt was the cause of it."

The jury returned verdicts for the plaintiffs, and the defendants alleged exceptions.

*J. G. Abbott & W. P. Webster*, for the defendants.

*D. S. Richardson & A. R. Brown*, for the plaintiffs.

CHAPMAN, J. The plaintiffs were visitors in the family of Aaron Hunt at the time when the defendants' gas escaped into the house, and they were permitted to offer evidence that Aaron Hunt and his family had been in perfect health up to the time when the gas began to escape into their house, and that, immediately or soon after, every member of the family became seriously sick. The admission of this evidence is excepted to. But evidence of this character was held to be admissible in the case of Aaron Hunt against these defendants. 1 Allen, 344. The plaintiffs were not allowed to give evidence of the particulars of the sickness of any one of these persons; and it is objected that, if the evidence was admissible to any extent, the particulars should have been inquired into. But the sickness of these persons is a collateral fact, and is admissible merely for the purpose of showing the nature of the gas which came into the house, to the influence of which all the inmates were subjected alike. Evidence that the inmates of another house were made sick in consequence of inhaling the gas that escaped into their house from the same defect in the defendants' pipes has been held to be inadmissible. *Emerson* v. *Lowell Gas Light Co.* 3 Allen, 410. The evidence should be limited to the effect of the gas upon those who have in common, and under similar circumstances, inhaled it. How far the plaintiff shall be permitted to go into particulars in offering such evidence should depend somewhat on the circumstances of the case, and must, within reasonable limits, be left to the discretion of the presiding judge. If it falls short of proving that the gas caused the sickness of the other persons, it amounts to nothing. But it might be very unreasonable to permit the case to branch out into several collateral issues on such a point. We see no reason to think that the evidence was unreasonably restricted.

The next exception is to the instruction given to the jury that, whether the plaintiffs were made sick by the defendants' gas alone, or by the gas generated in the same drain through which it passed, if carried by the defendants' gas into the house, the defendants were equally liable, provided the jury should find that the plaintiffs were not guilty of negligence, and that the defendants were guilty of negligence.

This instruction was clearly right. If, through the negligence of the defendants, a current of their gas was set in motion, and in its course through the sewer and drain it took up other gases which were noxious and carried them into the house, and the plaintiffs were made sick thereby, the defendants' negligence was as much the proximate cause of the injury as if their own gas had occasioned it. It would be like the case of a mill owner who should negligently suffer his dam to give way, whereby the meadow of his neighbor below him is overflowed. If the flood should in its course take up stones and gravel, and carry them upon the meadow, the mill owner would be liable as well for the damage caused by the stones and gravel as for the damage caused by the water, on the ground that the whole injury was alike the proximate consequence of his fault.

The third exception is to the question put to the experts, and the answer thereto. The form of question stated by Shaw, C. J. in *Woodbury* v. *Obear*, 7 Gray, 467, is not to be regarded as an exclusive formula. It is put by way of example, and is well adapted to all cases where the evidence is conflicting or complicated. The object of all questions to experts should be to obtain their opinion as to the matter of skill or science which is in controversy, and at the same time to exclude their opinions as to the effect of the evidence in establishing controverted facts. Questions adapted to this end may be in a great variety of forms. If they require the witness to draw a conclusion of fact, they should be excluded. The question put in *Sills* v. *Brown,* 9 C. & P. 601, was of this character, and was rightly excluded. But where the facts stated are not complicated, and the evidence is not contradictory, and the terms of the question require the witness to assume that the facts stated are true, he is not required to draw a conclusion of fact. In the present case, the question allowed to be put does not seem to us to require of the witnesses anything more than a scientific opinion; and we do not understand the answer to include anything more than this. *Exceptions overruled.*