GRAHAM & WAGNER, INC v RIDGE

Ohio Appeals, 5th Dist, Stark Co

Decided May 20, 1931

Andrews & Moreland, Alliance, and Walter S. Ruff, Canton, for plaintiff in error.

Milton C. Moore and Edward P. Spiedel, Alliance, for defendant in error.

SHERICK, PJ.

An examination of the testimony offered on behalf of the plaintiff convinces us that in all three particulars there was some

credible evidence to support the verdict, and, this being true, this court cannot substitute its judgment for that of the jury. If the defendant's theory be true, that there is no evidence as to impairment of plaintiff's health, such cannot be said of the question of reduced rental value and annoyance and discomfort. The jury in this case was not specially interrogated. The verdict was general, and an affirmative answer on the one issue was perfectly consistent with its answer on the other issue or issues. The rule of **Sites v Haverstick, 23 Oh St 626,** therefore, has direct application.

The defendant, however, further insists that the acts complained of do not amount to a nuisance, for the reason that the plaintiff's property and her enjoyment therefore are subservient to the advancing usages in and of the district. But keeping in mind the facts of this case, that she was there first, that it is not contended that this is a manufacturing district, but only that some trading concerns have entered therein, we are not disposed to extend the rule of the exception for which the defendant contends.

As said in **Ellis v Kansas City, St. J. & C. B. R. Co., 63 Mo. 131,** at page 135, 21 Am. Rep. 436: "Nuisances in one's dwelling are all acts done by another from without, which render life within the house uncomfortable, whether it be by infecting the air with noisome smells or with gases injurious to health." And the same is true with reference to dust and noise and vibration when sufficient to work an annoyance and a discomfort, as in this case, and when rental earnings are lessened and impaired thereby.

The defendant says there is no proof of actual damages sustained. By this it is meant that no witness has expressed an opinion or fixed the value of the damages in money. It must be remembered that the measure of damages in the case of a continuing nuisance is different from that in a case where the nuisance is but temporary. In the latter case the measure is the difference in rental value before and after the injury. That may be expressed in dollars and cents, or shown in inability to rent the property at all; and as said in **20 Ruling Case Law, 470:** "In assessing the damages for the maintenance of a nuisance in the neighborhood of a residence or dwelling ,the jury may look to such injury as occurs to the use of the property as a residence, taking into consideration the discomfort and annoyance which the owner has suffered from the nuisance."

The plaintiff in this case has proved essential facts entitling her to recovery, and the amount of any such recovery rests, in the first instance, in the discretion of the jury, independent of the opinion of any other person as to the amount and value thereof.

In a suit for services, a jury is permitted to exercise its own knowledge as to the reasonable value thereof, for the law well recognizes that of such matters jurors have a keen understanding. In **McIntyre's Executor v Garlick, 8 Ohio C C 416,** at page 428, it is said: "But to entitle the plaintiff to a verdict, it is not generally necessary for him to prove the precise value, or the amount of damages, alleged in his petition. That rests in opinion based upon the facts, and the opinion that is to govern is that of the jury, and not that of witnesses, at least in matters of common observation and general knowledge." This case is strongly approved of in **Hassler v Trump, 62 Oh St 139,** 56 N. E. 656. It is said in Dauberman v Grant, 198 Cal. 586, at page 590, 246 P. 319, 321, 48 A. L. R. 1244: "It was not necessary to the recovery of damages caused by the nuisance of smoke and soot to prove actual damage to plaintiff's property. She was entitled to recover for the personal discomfort and annoyance to which she had been subjected. * * * " The same rule is applied in **City of Mansfield v Hunt, 19 Oh C C 488,** at pages 496, 497.

There remains another sufficient reason why this claimed error is not maintainable. If such was error, it has in this instance been waived. Upon the overruling of this motion, the defendant proceeded to and did introduce much evidence on its behalf. And we note from the record that the motion was not renewed at the conclusion of all the evidence in the case. It, therefore, follows that the rule of **Cincinnati Traction Co v Durack, 78 Oh St 243,** 85 N. E. 38, 14 Ann. Cas. 218, is controlling, and the exception is waived, and error cannot be predicated thereon in a reviewing court.

It is next urged that the trial court erred in the admission of certain testimony of the witness, Mrs. Griffith, in that she was permitted to testify that during her sojourn as a tenant in the plaintiff's home she contracted tuberculosis from the dust from defendant's plant, which later developed. We do not find that the court committed error in this respect. Turning to page 119 of the record, we learn that the court limited the purpose of this testimony to showing the nature of the nuisance claimed. It was not intended to make the illness of the witness referable to the plaintiff's illness in any other respect, and the jury so understood. We believe the old case of Hunt v. Lowell Gas Light Co., 90 Mass. (8 Allen) 169, 85

Am. Dec. 697, correctly states the rule, in the syllabus, where it says "evidence is competent to show that all the other persons living in the same house, who had been in good health before the time complained of, afterwards became ill, for the purpose of showing the effect of the gas upon others who inhaled it at the same time with the plaintiff."

The defendant further charges that the court erred in its refusal to give its special request No. 1, which it claims is based on the charge approved in the case of **Eller v Koehler,** 68 Oh St 51, 67 N. E. 89. The facts in that case, however, are in no way similar to the facts herein. In that case it was admitted by the pleading that the plaintiff's dwelling was in a manufacturing district; but in this suit the defendant's business seems to be the only manufacturing plant in the immediate neighborhood. The fact that there are a few trading places, like a plumbing shop and a gas filling station, does not make the district either a trading or manufacturing district. It is the major use to which the district is put that must establish its character. Hence the charge approved of in the Eller Case was not a proper charge in this case, although it was limited to a trading district.

As a final proposition of error, it is advanced that the court erred in its refusal to give its special request No. 3, which reads as follows: "I will say to you as a matter of law that the measure of damages to which the plaintiff is entitled, if you find from the evidence that she is entitled to damages, is the actual loss sustained by the plaintiff from September 30, 1924, to June 20, 1929, which is the time between the taking over of the business by the defendant and the filing of this action by the plaintiff, and you are not permitted to take into consideration the depreciation, if any, of the value of the plaintiff's property by reason of the operation of defendant's business, and if you find from the testimony that the plaintiff has suffered no actual loss, then your verdict must be for the defendant."

We deem it unnecessary to reassert the law applicable to this case, and we will now content ourselves with stating that this request does not correctly state the law, and hence was properly refused.

We are unable to understand why the trial court gave defendant's special request No. 4, which stated: "I say to you as a matter of law, that the plaintiff having offered no testimony as to the actual loss which she sustained to her property by reason of the alleged acts of the defendant, you are therefore instructed that you cannot award to the plaintiff any sum whatsoever for loss sustained to her property."

This is in direct conflict with that portion of the general charge previously noted. It rather seems to us that the plaintiff should have been here complaining of the small verdict of $400 rendered in her favor, rather than the defendant. Finding no error in this case prejudicial to the rights of the defendant, the judgment is affirmed.

LEMERT and MONTGOMERY, JJ, concur.