[18034.    Department Two. — April 24, 1893.]

THE CITY OF FRESNO, RESPONDENT, v. THE FRESNO CANAL AND IRRIGATION COMPANY, DEFENDANT, AND THE FRESNO MILLING COMPANY. APPELLANT.

98  179
101  377
98  179
112  434
98  179
123  673
98  179
134  555

CANAL IN STREETS OF CITY — ABATEMENT OF NUISANCE — ERRONEOUS DECREE. — Where a canal was constructed at great expense more than five years before the incorporation of a city through which it passes, at the instance and with the co-operation of the original owners of the land and projectors of the town site, and without objection from the board of supervisors of the county, who were consulted about its construction, and expensive and costly mills were erected upon its banks and operated by its waters, and the canal after leaving the city distributes water for the irrigation of many farms; and where, after the incorporation of the city, its trustees by ordinances and official acts regularly done recognized the existence of the canal, and assessed it for taxes, the fact that the canal runs through streets of the city which were dedicated by the owners of the town site, after the agreement to construct the canal, but prior to its actual construction, will not justify a decree at the suit of the city authorities, commenced eleven years after its construction, declaring the canal a nuisance per se, and ordering it to be entirely abated, filled up, and destroyed.

ID. — ADVERSE USE OF STREETS — ESTOPPEL IN PAIS. — Although, as a general rule, no right to any part of public streets can be acquired by adverse use, it seems that, in exceptional cases, the principle of estoppel in pais may be invoked against the public, leaving the court to decide the question not by the mere lapse of time, but upon all the circumstances of the case, as right and justice may require.

ID. — PUBLIC USE OF WATER — OBSTRUCTION OF HIGHWAY BY CANAL — REMEDY FOR NUISANCE. — The use of water appropriated for sale, rental, or distribution, is a public use, under the constitution of this state, and the statutes of the state recognize ditches and canals as of public use, and regulate such use, providing that where they cross, or are on the lines of public highways, their work must be so laid and constructed as not to obstruct the public highways; and when the nuisance consists merely in the manner in which the canal is conducted and managed, it should be remedied by enjoining its use in such manner as to make it a nuisance, without decreeing a total destruction of the property.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order denying a new trial.

T. P. Ryan, for Appellant.

The canal could not properly be decreed a nuisance, as it was built and maintained under express public authority. (Civ. Code, sec. 3482; Randle v. Pacific R. R. Co., 65 Mo. 325, and cases cited.) The grant of the right to construct the canal vested in the grantee an interest in perpetuity in the street for the purposes named. (Appeal of N. B. & M. R. R. Co., 32 Cal. 499; Milhau v. Sharp, 27 N. Y. 611; People v. Sturtevant, 9

N. Y. 263; 59 Am. Dec. 536; *Davis* v. *Mayor, etc.,* 14 N. Y.
506; 67 Am. Dec. 186; *Mayor, etc.* v. *Second Avenue R. R. Co.,*
32 N. Y. 261; *Sixth Avenue R. R. Co.* v. *Kerr,* 72 N. Y. 330.)
The granting of the right or franchise and its acceptance con-
stituted a contract. (*People* v. *New York etc. R. R. Co.,* 89
N. Y. 266; *Gilmore* v. *City of Utica,* 121 N. Y. 561, 573, 574;
*Post* v. *W. S. R. R. Co.,* 123 N. Y. 580; *Arcata* v. *Arcata etc.
R. R. Co.,* 92 Cal. 645.) The franchise having been acquired
by contract cannot be taken away or destroyed without impair-
ing the obligation of contracts. (Const. U. S., art. I., sec. 10;
*People* v. *Sturtevant,* 9 N. Y. 273; 59 Am. Dec. 536; *Milhau*
v. *Sharp,* 27 N. Y. 611; *City of Brooklyn* v. *B. C. R. R. Co.,*
47 N. Y. 475; 7 Am. Rep. 469.) As far as the city is concerned,
the ordinance passed by it operates as a complete estoppel.
(*Lucas* v. *City of San Francisco,* 7 Cal. 468.) The canal was
certainly not a nuisance *per se.* (*Ex parte Shrader,* 33 Cal. 284.)
Even conceding the canal to be a nuisance *pro tanto,* still its
destruction was not justified. (*McMenomy* v. *Baud,* 87 Cal.
139, and cases cited.)

*Reel B. Terry,* and *C. C. Merriam,* for City of Fresno,
Respondent.

The judgment abating the canal as a nuisance was proper.
The right to construct and maintain any public work within
the limits of a town or city never carries with it the power to
construct and maintain such work in such a way as to render
it a nuisance. (*Tuebner* v. *California St. R. R. Co.,* 66 Cal.
171; *Platte etc. Ditch Co.* v. *Anderson,* 3 Cal. 131, 141, 143;
Wood on Nuisance, secs. 746, 747; *Randle* v. *Pacific R. R.
Co.,* 65 Mo. ·325.)

*Church & Cory,* for Fresno Canal and Irrigation Company,
Respondent.

McFARLAND, J. — This action was brought by the city of
Fresno in its corporate capacity to obtain a decree abating as a
nuisance a certain ditch or canal, owned by the Fresno Canal
and Irrigation Company, and which runs through parts of cer-
tain streets of said city. The Fresno Milling Company, who
had purchased water from the ditch of the other defendant, and

had built a large flouring mill on the banks of the canal, was also made a party defendant. The court declared the canal a nuisance *per se*, and ordered it to be entirely abated, that is, filled up and entirely destroyed. From the judgment and from an order denying a new trial, said defendant, the Fresno Milling Company, appeals.

The said canal was constructed, at great expense, more than five years before the incorporation of said city; the mill of the milling company was erected at an expense of nearly one hundred thousand dollars; other expensive and costly mills have been erected upon the banks of the canal, and are operated by its waters; and the canal after leaving the city distributes water for the irrigation of many farms. There are, therefore, many equitable considerations in favor of defendants; and such large properties should not be thus utterly destroyed, unless such result necessarily follows from an application of the rules of law.

It appears that in 1874, the land now composing the city of Fresno, and a very large body of land consisting of many thousands of acres adjoining it, was the property of the Contract and Finance Company; and that in said year the agents of said company visited that locality for the purpose of selecting a site for a new town or city. They consulted Mr. M. J. Church, who was the president and superintendent of the said defendant, the Fresno Canal and Irrigation Company, as to a proper town site. They wanted a place to which water could be brought, saying that "a town without a stream of water was no town at all." Church informed them that the place where the city of Fresno was afterwards located could be more readily supplied with water than any other part of the territory designated; and that he would pledge himself that his company would put a stream of water through that place, if they located the town there. Upon that assurance the town was shortly afterwards located at that place. Afterwards the projectors of the town, fearing that Church might fail to bring in the water, offered him inducements in the way of both money and land to bring it in. The ditch was commenced by Church's company about 1874, and was completed about 1879 or 1880, the water being brought into the town through the ditch in 1880. The board of supervisors of the county were consulted about the matter,

and made no objection to the building of the ditch, although no formal action was taken by the board upon the subject. The company defendant has continuously used the ditch from 1880 to the present time. The corporation plaintiff, the city of Fresno, was not incorporated until October, 1885. This action was not commenced until December, 1891. At the time the ditch was in course of construction, the defendant was urged to build it by the persons who then owned all the property in what is now the city of Fresno. But in 1876, the owner of the property made a deed to Fresno County "granting a perpetual right of way to public streets and alleys" of said proposed town or city. After the plaintiff was incorporated, its trustees, by ordinances and official acts regularly done, recognized the existence of said canal. The canal was assessed in 1888 and the city tax paid thereon. The court finds that "about the year 1880, before the incorporation of the city of Fresno, a canal or a ditch was built through certain streets of said city by the defendant, the Fresno Canal and Irrigation Company, and has been maintained and used by said company ever since, uninterruptedly, continuously, and adversely to all the world, but without color of title." The words "without color of title" are of no significance here, because the defendant had actual and not merely constructive possession of the canal; and, of course, as against private persons, the said defendant would have acquired a perfect title by prescription. It is contended, however, by respondents that, as the streets were dedicated to the public in 1876, the appellant could acquire no right to any part thereof by adverse user; and this, of course, is the general rule.

If, however, it were necessary to discuss the proposition here, it is not clear under the law that in this case an estoppel *in pais* cannot be invoked by appellant as against the respondent. In 2 Dillon on Municipal Corporations, the author, after reviewing the subject at great length and referring to many authorities, uses this language, which seems to be the result of such authorities: "The author cannot consent to the doctrine, that, as respects public rights, municipal corporations are impliedly within ordinary limitation statutes. It is unsafe to recognize such a principle; but there is no danger in recognizing the principle

of an estoppel *in pais*, as applicable to exceptional cases, since this leaves the courts to decide the question, not by the mere lapse of time, but upon all the circumstances of the case, to hold the public estopped or not, as right and justice may require." (Sec. 675.) And many cases are cited by the author, mainly from Illinois, Indiana, Iowa, and Ohio, all exceptional cases in which the doctrine of estoppel *in pais* was successfully invoked as against the public; and the case at bar seems to be as safely within the rule as are many of the cases there cited. But we do not deem it necessary to determine absolutely whether or not that rule would apply to the case at bar; for we think that in this case another principle comes into play.

The court finds "that said canal is an irrigating ditch, that it flows out west of the city and is there distributed, and supplies water for the irrigation of many farms; that within the city extensive and costly mills for the purpose of crushing grain and manufacturing flour have been erected on its banks to be operated by its waters; that these industries would be injured should the canal be prevented from running within the city." The court also, in finding 14, finds "that said canal can be constructed below the surface of said street, and covered up in such a manner that the surface of said street can be restored to its former condition, so that it will not be an obstruction to the free use and enjoyment and travel of said street." The constitution of the state, section 1 of article XIV., declares that "the use of all water now appropriated, or that may be hereafter appropriated, for sale, rental, or distribution is hereby declared to be a public use." (See also *People* v. *Stephens*, 62 Cal. 209; *McCrary* v. *Beaudry*, 67 Cal. 120; *County of Fresno* v. *Canal Co.*, 68 Cal. 359.) And the statutes of the state recognize ditches and canals as of public use, and regulate such use. For instance, section 551 of the Civil Code provides that where they cross, or are on the lines of public highways, their works "must be so laid and constructed as not to obstruct public highways." The canal of the defendants was constructed in the face of, and without objection by the supervisors of the county or the public; and the city of Fresno, when it was incorporated, found said canal occupying parts of certain streets in the city which it then took control of. Under these circumstances, if the nui-

sance consists merely in the manner in which the canal is conducted and managed, it is a nuisance which can be remedied without a total destruction of the property; and the rule stated in *McMenomy* v. *Baud*, 87 Cal. 134, should be applied—that is, the appellant should be enjoined from conducting the canal in such a manner as to make it a nuisance, but a total destruction of the property should not be decreed. This rule has been applied as against a public corporation. In *Shepard* v. *People*, 40 Mich. 387, the appellant was indicted for causing a public nuisance within the city of Pontiac by maintaining a mill-dam therein, and the trial court in its judgment ordered that the dam should be removed; but the appellate court reversed that part of the judgment, saying: "Property is not to be destroyed until its destruction is lawfully ascertained to be necessary in order to stop the nuisance, and then no other and no more is to be destroyed than is thus determined to be needful to affect that object." Many cases are cited. (See also *People* v. *Albany*, 11 Wend. 539; 27 Am. Dec. 95.)

But in the case at bar the findings do not clearly set forth what the real facts are. Finding 14, above quoted, is inconsistent with other findings, and particularly with the statement (whether considered as a finding of fact or a conclusion of law) that "said canal where it traverses the streets of said city is a nuisance *per se*," and for this reason the judgment and order must be reversed.

Judgment and order reversed and new trial ordered.

De Haven, J., and Fitzgerald, J., concurred.