[Sac. No. 834.   Department Two. — November 21, 1901.]

## J. D. BYERS et âl., Appellants, v. COLONIAL IRRIGATION COMPANY OF HONEY LAKE VALLEY, Respondent.

Water Rights — Former Adjudication — Change of Place of Diversion. — In an action by riparian owners to enjoin the diversion of waters to which the plaintiffs were entitled, a former adjudication, giving to the defendant's predecessors the right to divert the waters of a river above its junction with a creek, subject to the condition of leaving specified amounts of water in the stream above that point, does not, of itself, confer the right to take any water below the junction; but, under sections 1412 and 1413 of the Civil Code, the point of diversion may be changed so as to take the amount of water to which defendant is entitled below the junction, provided the rights of the plaintiffs are not interfered with.

Id. — Injunction — Partial Nuisance — Abatement of Dam not Authorized. — Where the dam of the defendants is not found to be a nuisance in itself, but only that it is a nuisance as it has been used to interfere with the plaintiffs' rights, the court would not be justified in directing its total abatement or removal; but it is sufficient that the defendant be enjoined from using the dam in such manner as to make it a nuisance by such interference.

Id. — Defective Decree — Interference with Plaintiffs' Rights. — A decree merely enjoining the defendant from using the dam in the future " as it has been heretofore maintained and used," is defective in not enjoining the defendant from maintaining or using the dam in such manner as to interfere with the plaintiffs' rights, and from diverting from the stream and from the plaintiffs' lands any of the waters of the stream to which, as found, the plaintiffs are entitled.

APPEAL from a judgment of the Superior Court of Lassen County.   Stanley A. Smith, Judge presiding.

The facts are stated in the opinion of the court.

Goodwin & Goodwin, for Appellants.

E. V. Spencer, N. Soderburg, and W. F. Williamson, for Respondent.

THE COURT. — The plaintiffs appeal from a judgment in their favor, claiming that on the findings a different judgment should have been entered.   The case as shown by the findings is as follows: The plaintiffs are the owners of several tracts of

land, described in the complaint, lying in one body on the west
shore of Honey Lake, in Lassen County, through which there
flows easterly into the lake, through several channels, the
stream known as Susan River, and the suit was brought to en-
join the maintenance of a dam lately constructed by the de-
fendant in the river, to the west of plaintiffs' lands, and just
below the mouth of a confluent known as Willow Creek, and
to have the same abated as a nuisance.

The findings of the court, so far as material to the question
involved, are, that the plaintiffs are the owners, as riparian
proprietors and by appropriation, of the right to use the waters
of Willow Creek, and also the waters of Susan River, except
certain of its waters subject to diversion by the defendant,
above the junction of the streams, as adjudicated in a former
decree, and, as conclusion of law, that they are entitled to the
unobstructed flow to their lands of all the waters of Willow
Creek, and of the waters of the river, except those subject to
the defendant's right of diversion, as defined in the former de-
cree; "that the said dam, as constructed, maintained, and used,
obstructed the natural and regular flow of the waters of Willow
Creek and Susan River to plaintiffs' lands, . . . and diverted
from said stream at said point large quantities of the said
waters, and deprived plaintiffs of the use thereof, to their sev-
eral great and irreparable injury"; and that the defendant, at
the time of the commencing the suit, "then was and still is so
maintaining and using, and threatening to so use and main-
tain, said dam so as to obstruct the plaintiffs in their several
beneficial uses of the waters of said stream," etc.; "that the
dam complained of . . . enables the defendant to divert, at the
site thereof, and use the waters of Susan River, which it is en-
titled to store and use under the terms of the decree hereinbe-
fore set out; but the defendant has so used, and threatens to so
use, said dam as to obstruct the flow of the waters of Willow
Creek and Susan River to plaintiffs' lands," etc.; and as con-
clusion of law the court finds that "the dam complained of,
. . . as maintained and used by the defendant, is a nuisance
to said plaintiffs," etc., "and that they are entitled to a per-
petual injunction restraining the defendant, its agents," etc.,
"from maintaining said nuisance, and from in any manner di-
verting from said stream," etc., "any of the waters to which
plaintiffs are entitled, as aforesaid."

The judgment entered was, that the dam complained of "is, as it has heretofore been maintained and used, and as it is now maintained and used, by the defendant, a nuisance to the plaintiffs, and to each of them, and interferes with the comfortable enjoyment of their, and each of their, property in and to the waters of said Willow Creek and Susan River," and that the defendant, its agents, etc., be, "and are hereby, perpetually enjoined from maintaining and using said dam in the future as it is now, and as it has heretofore been, maintained and used."

The plaintiffs claim that on the facts found the judgment should have been for the abatement of the dam, and also that defendant should have been enjoined from diverting any water from the river below its confluence with Willow Creek.

With regard to the latter point, it is clear that the right adjudicated to the defendant's predecessors by the former decree was merely the right to divert the waters of the river above its junction with Willow Creek; for the right was subject to the condition that there should be left in the stream above that point, during the months of March, April, May, and June of each year, 1,000 inches of water measured under a four-inch pressure, and at other periods 250 inches. It cannot be claimed, therefore, that the defendant derived from the decree any right to divert the water of the river below the mouth of Willow Creek; and still less that it could thus acquire any right to divert the waters of that creek, or to obstruct them. But, under the provisions of sections 1412 and 1413 of the Civil Code, it had the right to change the point of diversion, provided the plaintiffs were not injured by the change; and there is nothing in the findings to indicate that the water to which the defendant was entitled could not be diverted at the dam without such injury.

As to the former point, it is not found that the dam is a nuisance in itself, but only that it is a nuisance as it had been used, and the court would not have been justified in directing its total abatement or removal. In such cases "a total destruction of the property should not be decreed." It is sufficient that the party be enjoined from using the structure complained of in such a manner as to make it a nuisance. (*Fresno* v. *Fresno Canal etc. Co.*, 98 Cal. 183, 184; *McMenomy* v. *Baud*, 87 Cal. 134; *Lorenz* v. *Waldron*, 96 Cal. 249.)

But the decree in this case is defective in not conforming to this condition. The defendant is enjoined merely "from maintaining and using the dam in the future as it has heretofore been maintained and used"; and it is clear that the manner of use might be varied without relieving the plaintiffs from the injuries suffered. The defendant should have been enjoined— as, in effect, provided in the conclusion of law—from maintaining or using the dam in such a manner as to interfere with the plaintiffs' rights, and from diverting from the stream and the plaintiffs' lands any of the waters of the stream to which, as found, they are entitled.

The cause is therefore remanded, with instructions to the lower court to amend the judgment by striking out the words, "are hereby perpetually enjoined from maintaining and using said dam in the future as it is now, and as it has heretofore been, maintained and used," and by inserting in lieu thereof the following: "are hereby perpetually enjoined from maintaining and using said dam in the future in such a manner as to obstruct the flow to the plaintiffs' lands of the waters of Willow Creek, or those of Susan River, to which the plaintiffs are found to be entitled, and from diverting the said waters from the plaintiffs' lands, or in any way depriving them thereof, and from maintaining and using said dam so as in any way to interfere with the rights of the defendant as determined and defined by the findings and by this judgment"; and as thus amended the judgment is affirmed.