[No. 12796. Department Two. December 11, 1915.]

MAHONEY LAND COMPANY, *Respondent*, v. CAYUGA
INVESTMENT COMPANY, *Appellant.*[1]

NUISANCES—PRIVATE NUISANCE — INJUNCTION — DEFENSES—ESTOP-PEL. After encouraging and acquiescing in the erection of private garages, the owner of a nearby apartment house cannot restrain their operation as a nuisance, although they proved a great annoyance to its tenants, where it was not claimed that the garages were used in an unusually noisy or disorderly manner.

Appeal from a judgment of the superior court for King county, Ronald, J., entered October 27, 1914, in favor of the plaintiff, in an action for equitable relief, tried to the court. Reversed.

*Peterson & Macbride,* for appellant.

*Robt. F. Booth* and *G. B. O'Harra,* for respondent.

BAUSMAN, J.—Action by Mahoney Land Company against Cayuga Investment Company, to restrain the operation of certain private garages erected by the Investment Company on its own land across an alley from the Mahoney Company's high-class apartment house. The lower court permanently enjoined the use of these garages, and allowed $750 damages as well.

Noises and smells from these garages have undoubtedly proved a great annoyance to tenants in at least so much of the apartment house as faces the alley. ·On the other hand, it is neither alleged nor proved that these garages are used in an unusually noisy or disorderly way. In other words, negligence is lacking. The argument of plaintiff consequently must be that they were a nuisance in themselves.

If this were the only point, we should be obliged again to enter into the perplexing question of when an otherwise law-

[1]Reported in 153 Pac. 308.

ful occupation or enjoyment of property becomes a nuisance by reason of its being in a location prejudicial to other modes of life, or to more refined employments, and to repose. But this we are spared here by another point which, to our minds, is decisive.

It appears that, before the Cayuga Company ran up any of these garages, it discussed the project favorably with the Mahoney Company's manager. Indeed, the latter contributed toward the enterprise by agreeing himself to store an automobile there, and by advancing the Cayuga Company several months' rent. He even arranged that his tenants should have a preference in the use of these garages. Nothing, in short, is plainer than that, at the outset, this manager believed these garages would be useful to his own customers, and this suit was brought more than a year afterwards.

Plaintiff contends, though, that he consented only to the first five, and his grievance seems to date from the building of eight others, additional and adjacent. But even against these he did not at first absolutely protest. He certainly acquiesced in their being run up, for, to please him, a change was made in their height so that their roofs should not obstruct his tenants' view. What he then said was: "The thing that might prove a nuisance to me was that he shut off the views from all the windows of the main floor."

What shall be said of the law if it permits me to encourage my neighbor to run up structures on his land, and then to complain of them when they are used just in the way that might have been expected? Am I to encourage him to spend his money and then, simply because the completed thing turns out to be more annoying than I had reckoned, to tell him either to shut them up or let them rot? Suppose the owner of this apartment house had found it a good thing for his tenants to have the Cayuga Company build a cafe there. Should he get an injunction when the smells and noises of

the kitchen, kept as other kitchens are, proved disagreeable to them? This would be an intolerable shifting, yet it is practically what is done here, where there is no claim that these garages are being conducted in a manner different from what a reasonable man might have foreseen. In fine, the grievance of the Mahoney Company is not that the Cayuga Company built garages against its consent, but that, building garages with its encouragement and acquiescence, they have proved disagreeable. The direct encouragement and acquiescence shown here as to an alleged private nuisance is fatal to equitable, as well as legal, relief. *Huntington & Kenova Land Dev. Co. v. Phoenix Powder Mfg. Co.*, 40 W. Va. 711, 21 S. E. 1037; *Sprague v. Steere*, 1 R. I. 247; *Attorney General ex rel. Easton v. New York & L. B. R. Co.*, 24 N. J. Eq. 49; *Fresno v. Fresno Canal & Irr. Co.*, 98 Cal. 179, 32 Pac. 943; *Buchanan v. Logansport, C. & S. R. W. Co.*, 71 Ind. 265. *Volenti non fit injuria.*

The judgment is reversed, and the case ordered dismissed.

MORRIS, C. J., PARKER, MAIN, and HOLCOMB, JJ., concur.