[No. 25986.   Department One.   May 14, 1936.]

HERMAN STEFFEN *et al., Appellants,* v. SNOHOMISH COUNTY, *Respondent.*[1]

*Bascom & Bascom* and *John B. Fogarty,* for appellants.

*A. W. Swanson, G. W. Louttit,* and *F. A. Clanton,* for respondent.

MITCHELL, J.—Herman Steffen and his wife own a farm of ninety acres, containing about sixty-five acres of bottom land on the Skykomish river, in Snohomish county.   They have lived on the farm more than thirty

[1]Reported in 57 P. (2d) 1035.

years. It is situate on the left bank or south side of the river, which runs westerly at this point.

They brought this action in April, 1935, against the county, complaining that, in 1934, the county, upon procuring a right-of-way over the Hirschy farm below and adjacent to plaintiffs' farm, proceeded unlawfully and wrongfully to construct a dam along the right-of-way across Haskell slough, a small channel of the river, thereby "damming up the greater portion of the main channel of the river," and causing it to overflow plaintiffs' land during the flood periods that occurred in October, 1934, and January, 1935, washing holes in the soil, damaging fences and a small farm bridge, and depreciating the value of the farm ten thousand dollars.

It was further alleged that the county continued such construction until about December 25, 1934, and that, on January 28, 1935, plaintiffs made and served on the board of county commissioners a claim for damages in the sum of ten thousand dollars, which the board failed, neglected and refused to allow or pay; and that the dam is of no value either to the defendant, its property or roads, or to the property of any individual, but is a damage and constitutes a permanent menace at each and every high water period. Upon these and other allegations, which others need not be set out in detail, judgment was demanded in the sum of ten thousand dollars damages, and also for a mandatory injunction to abate and correct the menace.

By its amended answer, the county admitted that it procured a right-of-way from Hirschy across a part of his farm, and admitted that the plaintiffs filed a claim and demand with the board of county commissioners in the sum of ten thousand dollars, payment of which had been refused. It did not deny construct-

ing what it terms a dike across the intake of Haskell slough, only denied that it did so wrongfully, and denied all other allegations of the complaint. The amended answer contains other allegations which are of an affirmative kind, one of them being that the dike is built for the purpose of keeping the river in its original channel, and has been worked upon more than ten years;

"That running and extending past said plaintiffs' farm and to the bridge across the Skykomish river at the outskirts of Monroe, Snohomish county, Washington, is a public highway which has been used as such for many years last past, said highway running near the banks of said Haskell slough.

"That said dike is for the purpose of protecting defendant's bridge, at Monroe, trestle work, and approach thereto, the farms below plaintiffs' land, from the ravages of the waters of said Skykomish river.

"That if said dike on said Haskell slough is abated the channel of said Skykomish river is likely to spread and change its course and destroy said bridge and its approach and said trestle and also inundate all the land in said valley, and do irreparable damages."

Plaintiffs' reply contains sufficient appropriate general denials of the affirmative matter in the amended answer to complete the essential issues in the case.

A jury was called to try the case, and at the conclusion of the testimony on behalf of the plaintiffs the defendant moved for a nonsuit, which was granted. The "Ruling and Judgment" state, among other things:

"And the court also having found that plaintiffs having petitioned for said improvements along said river at the point in question and having stood by and having seen said improvements made and in progress more than nineteen (19) years are now estopped to claim damages as the result of making such improvements."

Then follows the judgment proper, granting the nonsuit and dismissing the action. The plaintiffs have appealed.

There are three assignments of error which are argued on behalf of the appellants under two divisions: (1) That the court erred in holding the appellants were estopped from maintaining the action, and (2) erred in holding that the county had the lawful right to construct the dam at the intake of Haskell slough, because, in so doing, it was only protecting against surface or flood waters. Our views on the first point make it unnecessary to discuss the second.

Haskell slough is a small channel through which only a very small portion of the river runs, except during high water. The river is a turbulent mountain stream, subject to violent, periodic floods that frequently do more or less damage. The vicinity in question is locally known as "Tualco Valley," and is well-settled by persons engaged in farming and dairying. A state highway runs along the valley and over a bridge a short distance below the intake of Haskell slough.

Prior to 1933 and 1934, high water at different times washed out three small holes on appellants' premises, and the floods of 1934 and 1935 added several more small ones. The flood waters escape from the river onto appellants' low lands at a place more than one-half a mile above Haskell slough intake at a point where the surface of the river bank, for a distance of approximately one hundred feet, has two depressions, three or four feet deep, that, manifestly, may be filled at relatively small expense to appellants. The testimony tended to show that the construction complained of somewhat retarded the flow of the stream along appellants' premises. It also tended to show that, several years before the last floods, the appel-

lants removed trees from the two depressions in the river bank.

Since 1915, the county has, from time to time, expended considerable effort and money, as much as $28,000 one year, trying to remedy the situation by artificial works at and about the intake of Haskell slough, as follows: First, piling, then piling with caps, then piling faced with heavy boards, four inches apart, and wires, and one time brush and some rock along the side of the intake of the slough, which from time to time, during the several years, were all carried away by high water. At one time during the last of such efforts at improvement, sacks of cement were placed across the center of the intake, that were washed down the slough out of place. The last work done before this suit was brought consisted of piling, together with some rock embankments.

The legislature, Laws 1921, p. 101, § 1, Rem. Rev. Stat., § 4057-1 [P. C. § 5852-1], enacted a law, as follows:

"Section 1. The state of Washington in the exercise of its sovereign and police power hereby authorizes any county alone or when acting jointly with any other county under any law to regulate and control the flow of waters, both navigable and non-navigable, within such county or counties, for the purpose of preventing floods which may threaten or cause damage, public or private."

It may be stated in this connection that the statute does not purport to authorize a county to take or damage private property without compensation or liability, but, certainly, it may act without liability, if it has the consent, expressed or implied, of the property owner to do so; nor do the owner's primary rights prevent him from being estopped by his conduct from claiming damages for the taking or damaging of his property.

After the effective date of the act of 1921, a written petition was filed with the board of county commissioners, as follows:

"To the HONORABLE BOARD OF COUNTY COMMISSIONERS of Snohomish county, Washington,
"Gentlemen:—

"We, the undersigned, taxpayers and interested citizens, respectfully petition your honorable body that steps be taken at once to remove the menace to the homes and fertile lands of the Tualco Valley by reason of the continuous encroachment of the Skykomish river, and the Haskell slough.

"We believe that this menace may be removed by a proper construction of piling and rock embankments such as will keep the river to its present course, thereby avoiding the enormous waste and destruction which is now, and has for several years been in process, and which, if not soon curbed, will cause destruction on a far greater scale."

The petition was signed by sixty-four persons, including the appellant Herman Steffen.

The petitioners not only asked the county to remove the menace to their homes and lands by reason of the continuous encroachment of the river and slough, but they actually suggested, as a proper construction for that purpose, "piling and rock embankments such as will keep the river to its present course;" the kind of construction to which appellants now object.

But appellants say the court committed error in admitting the petition and signatures over their objection, because it was immaterial, estoppel not having been pled as an affirmative defense. There are two answers: (1) Appellant Herman Steffen, testifying in chief, said: That the first damage to the place, *to speak of,* by erosion, was just after the rock fill was made in October, 1934, and from then on until Christmas. Appellants having thus opened up the subject of the relation of the rock embankment to the

damage complained of, it was proper, on cross-examination, to bring out the connection of the witness with the petition to the county commissioners to construct the rock embankment; and (2) the appellants alleged in their complaint that the construction was unlawful and wrongful. That was denied by the county, which had the right to introduce the petition in support of its side of that issue after the appellants had introduced evidence on that subject. The objection was not that the petition was offered or introduced at an improper time, but that it was not admissible at all.

Further, upon the merits, appellant Herman Steffen, in addition to associating himself with other interested property owners by signing the petition, paid twenty-five dollars to one of them who was taking subscriptions to help the county defray the expense of making the improvement. Still further, it appears that the rock used in constructing the improvement was taken from appellants' farm and the county paid them for it.

After all, the real grievance on the part of appellants is not that the county was not authorized to make the embankment, but that, after it was made, they did not just like it. The direct and indirect encouragement and acquiescence shown by them to the county and the other interested property owners are fatal to equitable, as well as legal, relief. Many authorities are cited by counsel on both sides which, we think, it would be unprofitable to discuss and analyze. The principle involved and applicable is discussed and applied in the case of *Mahoney Land Co. v. Cayuga Inv. Co.*, 88 Wash. 529, 153 Pac. 308, Ann. Cas. 1916C, 1234, and authorities therein cited.

Judgment affirmed.

MILLARD, C. J., STEINERT, GERAGHTY, and TOLMAN, JJ., concur.