[Civ. No. 1770. Fourth Appellate District.—July 28, 1937.]

JOHN R. BRYANT et al., Plaintiffs, v. ELDON LEWIS et al., Respondents; TARANCE S. MAGEE, Appellant.

Edward L. Kellas for Appellant.

Harold M. Child for Respondents.

MARKS, J.—This is an action in interpleader in which plaintiffs sought to compel defendants to litigate their claims to $250.73, which sum they originally owed Eldon Lewis. The money was deposited in court. Defendants Lewis, Mallory and Huss defaulted. Tarance S. Magee intervened and claimed the money by virtue of a written assignment from Lewis dated May 10, 1934. Caya, in his pleadings, claimed the money under an execution dated October 11, 1934, levied on the same date, under a judgment obtained by him on June 28, 1933. The trial court found these allegations of the several pleadings to be true. It further found that on April 6, 1933, a garnishment in the case of *Caya* v. *Lewis* was served on plaintiffs. It awarded the money to Caya under the theory that the lien of the garnishment, merged into the lien of the execution, was prior to the assignment to Magee.

The appeal is before us on a purported bill of exceptions which contained no proper judgment roll. (Sec. 670, Code Civ. Proc.) We granted intervener's motion for diminution of the record (sec. 953, Code Civ. Proc.) and now have before us the documents constituting the judgment roll. ■ We regard the bill of exceptions so defective in its attempt to bring up the evidence that we must decide the case entirely upon the judgment roll. The correctness of this conclusion is virtually conceded by counsel for intervener.

Intervener argues that the finding that the garnishment was served on April 6, 1933, is not responsive to any issue made by the pleadings and therefore cannot be considered as supporting the judgment; that with this finding eliminated there only remains the findings of a valid assignment to intervener on May 10, 1934, and of the levy of the execution on October 11, 1934; that as the assignment was valid and ante-dated the levy of the execution it appears on the face of the findings that the money in question belonged to intervener; that consequently the judgment is not supported by the findings and is contrary to them.

This argument overlooks the well-established rule that where an appeal is taken on the judgment roll alone the appellate court must presume that the evidence produced at the trial supported all findings of fact material to the suppor of the judgment. (*E. E. McCalla Co.* v. *Sleeper*, 105 Cal. App. 562 [288 Pac. 146].) We must, therefore, assume that the evidence of the garnishment was introduced without objection and that the case was tried and decided upon the question of priority of the lien of the garnishment over the assignment. We must also assume that the trial court concluded that such lien coupled with the levy of the execution established the priority of the right to Caya to the money. It follows that we must consider the findings responsive to issues raised during the trial and must conclude that the findings support the judgment.

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.