[Civ. No. 7213. Third Dist. Mar. 28, 1946.]

EDWARD R. FELL et al., Respondents, v. M. & T. INCOR-PORATED (a Corporation) et al., Defendants; MAUDE MADDRILL, Appellant.

Peters & Peters for Appellant.

Ware & Ware for Respondents.

PEEK, J.—This is an appeal by defendant Maude Maddrill alone from the judgment of the trial court restraining her and a codefendant Ben Crouch from "permitting irrigation, drainage, overflow and seepage waters produced from wells on the lands of said Maude Maddrill . . . and any and

all other waters used on said lands for irrigation that would not otherwise and naturally run in the channel of Little Chico Creek, to run or drain from the lands of the said Maude Maddrill . . . down through and over said lands of plaintiffs.''

The court found that plaintiffs were the owners of certain lands situated in Butte County; that Little Chico Creek, a natural watercourse, flows westerly through the lands of defendants and thence westerly and southerly through and over the lands of plaintiffs; that during 1944 defendants in the course of the farming to rice of approximately 200 acres upstream from plaintiffs' land permitted, and if not enjoined will continue to permit, large quantities of water to escape from said rice farming and to overflow, drain and seep therefrom into the channel of Little Chico Creek and through said channel over and upon the lands of plaintiffs; that all of the water so discharged by defendants into said creek was pumped from deep wells on her premises, located a long distance from the channel, and waters foreign to the watershed of said creek furnished by the Phelan-Parrott Irrigation System; that none of the waters so drained by defendants naturally would or could run in said channel; that said drainage has caused the growth of tules and other vegetation in and adjacent to the channel and upon plaintiffs' land; that such growth has retarded the flow in said channel, causing the further spread of such vegetation to higher levels on plaintiffs' land; that plaintiffs' land has been substantially damaged; that due to such damming up and flowing of waters in said channel during the summer and growing season it has become impossible for plaintiffs to conduct farming operations on approximately 110 acres of land situated easterly of said creek; that for the same reason it was impossible for trucks and other agricultural machinery to cross said channel and likewise it was impossible for sheep to cross the same for grazing on the easterly side of said channel; that the encroachment of said tules and other vegetation made it impossible for plaintiffs to farm other portions of their lands which otherwise could have produced valuable agricultural crops; that the growth of said vegetation has and will continue to retard the natural winter run-off, thereby causing the creek to overflow and further damage plaintiffs' crops; that defendants plan to continue such practices, and such acts unless enjoined will ripen into an easement and burden upon plaintiffs' land, thereby causing damage to plaintiffs and to their title

and ownership thereof; that prior to the filing of their action plaintiffs demanded of defendants that they cease such acts, but that defendants have denied any obligation so to do and claim a right or easement to run such drainage, seepage and overflow over the lands of plaintiffs.

From the foregoing findings the court concluded that plaintiffs were entitled to a judgment perpetually enjoining defendants from doing any of the acts set forth and entered judgment accordingly.

Appellant admits that the drainage from her lands during the year 1944 damaged plaintiffs' lands, as found by the court, and that the judgment of the court restraining such acts in the future was proper. Her sole contention is that as her lands are riparian to Little Chico Creek, which the court found to be a natural watercourse, she has the right to drain waters therein irrespective of the source of the same when to do so will not damage plaintiffs or their lands; but that under the terms of the judgment she is precluded from so doing even to the extent of raising any crop on her land which may require irrigation if in so doing there is any seepage, drainage or overflow, and in conclusion she contends that said judgment should be modified "to the extent that it enjoin only the seepage, drainage and/or flow of water into Little Chico Creek, when to do so would damage plaintiffs and/or their lands."

To this respondents reply that the judgment as given is based upon real damage pleaded, proved and found, and further that any invasion of property always constitutes damage per se and as a matter of law when it threatens to establish an easement and to burden and diminish the owner's title.

■ The California Constitution, article XIV, section 3, declares that the general welfare requires that the water resources of the state be put to beneficial use to the fullest extent possible. (Compare Water Code, §§ 100-107.) The mandates of this section "apply to the use of all water, under whatever right the use may be enjoyed." (*Peabody* v. *City of Vallejo*, 2 Cal.2d 351, 367 [40 P.2d 486].) Since foreign waters may be produced for beneficial use (*Stevens* v. *Oakdale Irr. Dist.*, 13 Cal.2d 343, 352 [90 P.2d 58]), and a natural channel may be used as a conduit or drain for the flow of such waters (*City of Los Angeles* v. *City of Glendale*, 23 Cal. 2d 68, 76-77 [142 P.2d 289]; *Stevens* v. *Oakdale Irr. Dist.*, *supra*), and since the use of such foreign waters, as long as it

does not interfere with the rights of another, is of no concern to such other (*Bloss* v. *Rahilly*, 16 Cal.2d 70, at pages 78-79 [104 P.2d 1049]), it follows that a noninjurious and reasonable use by defendants of the waters imported upon their lands and allowed to drain into Little Chico Creek is within the protection of the Constitution and may not be enjoined.

Although it is true that the privilege of turning imported water into the channel of a stream might ripen into an easement (*Crane* v. *Stevinson*, 5 Cal.2d 387, 395 [54 P.2d 1100]), still under general principles this could happen only if there should be an interference with the rights of another. (See *City of San Diego* v. *Cuyamaca Water Co.*, 209 Cal. 105, 132-135 [287 P. 475].) Since the judgment herein, if modified in accordance with appellant's request, would not authorize interference, but would merely reiterate the rule that one may make any beneficial use of his own property so long as he does not injure others (*Reclamation Dist.* v. *American Farms Co.*, 209 Cal. 74, at page 80 [285 P. 688]), no claim of easement could be predicated thereon.

In this connection the case of *Galbreath* v. *Hopkins*, 159 Cal. 297 [113 P. 174], relied upon by respondents, is not in point, for there the court held that the defendants therein, by constructing artificial ditches which turned the waters that had accumulated in ponds and depressions on their lands upon the lands of their neighbors, were maintaining a nuisance per se, the continuance of which the plaintiff was entitled to have enjoined. In the present case there is no finding that the utilization of foreign waters on appellant's lands will necessarily constitute a nuisance.

The essence of the findings is that defendants have so used their lands and the foreign waters thereon as to cause or permit to flow in the channel of Little Chico Creek a *"large"* quantity of such waters which causes and fosters the growth of tules and other vegetation with the result that the waters of said creek overflow plaintiffs' lands to their substantial damage. Therefore, from said findings it is only such use of defendants' lands and the foreign waters thereon that the decree should enjoin. (*Thompson* v. *Kraft Cheese Co.*, 210 Cal. 171, 176 [291 P. 204]; *Byers* v. *Colonial Irr. Co.*, 134 Cal. 553, 555-556 [66 P. 732]; *Switzer* v. *Yunt*, 5 Cal.App. 2d 71, 79 [41 P.2d 974]; *Baldocchi* v. *Four Fifty Sutter Corp.*, 129 Cal.App. 383, 393-395 [18 P.2d 682].)

·While the court did find that *"all* of said irrigation, drainage, overflow and seepage caused and permitted . . . has caused an increasing and great growth of tules . . . and . . . the flowing of all water . . . has been greatly retarded . . . and that plaintiffs' said lands . : . have been materially and substantially damaged and injured thereby . . .," yet if the interpretation we have placed on the findings as a whole be correct, then the language of this finding should not be construed to be the equivalent of a finding that a lesser volume of such irrigation, drainage, overflow and seepage would necessarily have the same effect.

However, as now phrased, the decree proscribes causing or permitting *any* foreign water to "run down through and over" plaintiffs' land; and as so phrased said decree might well be susceptible of a construction that, although none of the foreign waters used by defendants may overflow or flood plaintiffs' land, or interfere with plaintiffs' rights, still such waters must not be mingled with the natural flow of water in the creek in any quantity whatever. Any apparent justification for such a conclusion is to be avoided. (See *Thompson* v. *Kraft Cheese Co., supra; Byers* v. *Colonial Irr. Co., supra.*)

For the foregoing reasons, the judgment is reversed, with directions to modify the same in accordance with the views herein expressed.

Adams, P. J., and Thompson, J., concurred.

A petition for a rehearing was denied April 26, 1946, and respondents' petition for a hearing by the Supreme Court was denied May 23, 1946. Carter, J., and Schauer, J., voted for a hearing.