[Civ. No. 8060.   Third Dist.   Sept. 4, 1952.]

LOREN W. CHEESMAN et al., Appellants, v. ADOLPH ODERMOTT et al., Respondents.

Busick & Busick for Appellants.

Desmond, Miller & Artz for Respondents.

VAN DYKE, J.—This appeal is on the judgment roll from a judgment in favor of defendants in an action brought by plaintiffs who sought to enjoin defendants from discharging irrigation waters into a natural watercourse which traverses the lands of plaintiffs to their alleged damage.

The trial court found as follows: The area in question lies to the northeast of the city of Galt in Sacramento County and the lands of respondents lie to the east of and are higher in elevation than those of the appellants. The lands of all the parties are part of the same watershed. Surface waters, that is, waters naturally falling upon and spreading over the area embraced in the watershed, drain into Hen Creek. This creek meanders in a generally westerly direction from the higher lands of respondents across the lower lands of appellants, finally emptying into a slough known as Moyer Slough and thence into the Cosumnes River. Generally speaking, the lands of respondents and appellants are devoted to the production of alfalfa, ladino clover and other irrigated forage crops, and the irrigation is by means of water pumped from wells upon the various tracts. The irrigation season in this area extends from May to October of each year. The respondents discharge surplus irrigation waters by the process of natural leakage, percolation and other means of wastage, into the stream. Following the natural channel, the water comes to, and flows across, the lands of appellants. Appellants have leveled and checked their lands bordering Hen Creek and have prepared the same for irrigation and have irrigated crops thereon by a system of checks. By this work of leveling their land, preparing the same for irrigation and planting crops thereon, the appellants have destroyed the channel of Hen Creek, practically obliterating it as it passed through their lands. By reason of the obliteration of said channel appellants have caused both surface and irrigation waters flowing upon their land through the creek to form expanses of water upon their property. Had they "maintained the well defined channel of Hen Creek as it should have been maintained" across their property no such results would have occurred.

Since the appeal is upon the judgment roll alone, the evidence will be presumed to support the court's material findings of fact. (*Mogle* v. *Moore,* 16 Cal.2d 1 [104 P.2d 785]; *Bryant* v. *Lewis,* 22 Cal.App.2d 213 [70 P.2d 701].) Appellants accept this hazard and maintain in support of their appeal that giving the rule full application, yet the

judgment must be reversed because it is against law. No complaint is made that the findings were not responsive to, or did not cover, the issues tendered by the pleadings.

Appellants take the position that the waters which respondents are causing to flow across the lands of appellants are waters which are artificially obtained and that therefore respondents should be enjoined from discharging the same into the stream in such quantities as to result in this water flowing across the lands of appellants. They quote from 27 Ruling Case Law 1151, section 79, a statement that under both civil and common law while water which naturally flows across land may continue to do so without subjecting the upper owner to any liability, yet the servitude which the owner of higher adjoining land has upon lower land for the discharge of *surface water* naturally flowing on the lower land from the dominant estate, extends only · to surface water arising from natural causes such as rain and snow and cannot be augmented or made more burdensome by the acts or industry of man.

Whatever the rule may be in other jurisdictions, we think that in California it has been modified to fit the necessities of a people who must depend greatly on irrigation. ▇ It has been declared that ''the maxim sic utere tuo ut alienum non laedas, which is incorporated in the statute law of this state . . . , implies that one may make any use which he pleases of his own so long as he does not injure others.'' (*Reclamation Dist. No. 833* v. *American Farms Co.*, 209 Cal. 74, 80 [285 P. 688].) ▇ And ''The right to use a natural channel as a temporary conduit or as a drain for artificial flow has been frequently upheld. See cases digested in note, 89 A.L.R. 210.'' (*Stevens* v. *Oakdale Irr. Dist.*, 13 Cal.2d 343, 352 [90 P.2d 58].) ▇ ''The California Constitution, article XIV, section 3, declares that the general welfare requires that the water resources of the state be put to beneficial use to the fullest extent possible. . . . The mandates of this section 'apply to the use of all water, under whatever right the use may be enjoyed.' . . . Since foreign waters may be produced for beneficial use . . . , and a natural channel may be used as a conduit or drain for the flow of such waters . . . , and since the use of such foreign waters, as long as it does not interfere with the rights of another, is of no concern to such other . . . , it follows that a noninjurious and reasonable use by defendants of the waters imported upon their lands and allowed to drain into Little

Chico Creek is within the protection of the Constitution and may not be enjoined." (*Fell* v. *M. & T. Inc.*, 73 Cal.App. 2d 692, 694-695 [166 P.2d 642].) We think it is now too late in this state to say that waste waters cannot be discharged into natural water courses.

But appellants contend further that the cases decided by the courts of this state, from some of which we have hereinbefore quoted, if properly construed, do not permit the use of natural water courses for the carrying of artificially originated waters, except within the limits that such use of the natural waterways be confined to noninjurious use. We think the appellants have correctly construed the decisions to which reference has been made. For instance, it is to be noted that such limitation was clearly set forth in the foregoing quotation from *Fell* v. *M. & T. Inc., supra,* where the statement that the "natural channel may be used as a conduit or drain" for the flow of artificially produced water is qualified by saying "since the use of such foreign waters, *as long as it does not interfere with the rights of another,* is of no concern to such other . . . , it follows that a noninjurious and reasonable use by defendants of the waters imported upon their lands" may not be enjoined. Again the opinion respecting the claim that the privilege of turning imported waters into the channel of the stream might ripen into an easement, disposed of the contention by saying, "under general principles this [that is, ripening of an easement] could happen only if there should be an interference with the rights of another."

But the foregoing does not aid appellants here. We have no finding here that the use of the channel of Hen Creek which has been made by respondents and which use the appellants sought by this action to enjoin did as a matter of fact injure appellants. On the contrary, insofar as the findings specifically refer to the matter they must be considered as finding that such injury did not occur by such use for the court found that the injury complained of, that is, the flooding of the appellants' lands and the forming of water expanses thereon, would not have occurred save for the appellants' destruction of the natural channel as it passed over their lands. As the upper owers, defendants have the right to make the indicated reasonable and noninjurious use of the natural water course as a drain for their irrigation waters. It follows that the appellants could not by obliterating the water course and causing the very injury of

which they complain then obtain injunctive process of the court against their neighbors because of that situation. Their trouble is of their own making. They cannot pare down the rights of the upper owners to make such use of the water way as the court has found is here being made.

By the judgment entered by the trial court it was declared that the respondents "have the right to discharge into Hen Creek the irrigation waters reasonably flowing from their lands through drainage, seepage, percolation and other means, and have the right to have such waters flow therein to and over and across the lands of plaintiffs and have the right to have such waters be discharged through said Hen Creek where the same does make its exit from the lands of plaintiffs." Taken alone, the language of this declaration would be too broad, since it is not qualified by the condition that injury must not be caused by the exercise of the right declared. But we think that from the findings and conclusions of law and the whole of the judgment no such broad right as at first glance the quoted language might seem to declare was in fact adjudicated, and that on the contrary the judgment does not go so far as to declare that in the exercise of the right stated the respondents individually or collectively or in common with other upper landowners whose lands drain into Hen Creek may so use the right as to injure the appellants.

The judgment is affirmed.

Peek, J., and Schottky, J. pro tem., concurred.

Appellants' petition for a hearing by the Supreme Court was denied October 30, 1952. Carter, J., was of the opinion that the petition should be granted.