**Francis L. HARVEY and Virginia Dee Harvey, Plaintiffs-Appellants and Cross-Appellees,**

v.

**Grady DYER, Defendant-Appellee and Cross-Appellant.**

**No. 85CA0264.**

Colorado Court of Appeals,
Div. I.

Nov. 13, 1986.

Robert C. Burroughs, Ault, for plaintiffs-appellants and cross-appellees.

Kim R. Lawrence, Greeley, for defendant-appellee and cross-appellant.

TURSI, Judge.

Plaintiffs, Francis and Virginia Harvey, appeal the trial court judgment in favor of defendant, Grady Dyer, affirming an easement over their property for drainage of surface waters. The Harveys assert three grounds for error: (1) a fact stipulated at trial was not reflected in the judgment; (2) their expert witness was not allowed to state an opinion based on the documents which, he testified, were a type reasonably relied upon by engineering experts; and (3) their tendered jury instruction based on § 37–84–101, C.R.S., was refused. Dyer cross-appeals, asserting the trial court erred in denying his motion for default judgment on his counterclaim for attorney fees. The Harveys failed to answer this cross-appeal. We affirm.

The parties are adjacent property owners. The Harveys' property lies between Dyer's property, which is uphill, and Willow Creek, which is downhill. Dyer's property is cut by a drainage ditch which runs east to west toward Willow Creek and then turns in a southwesterly direction running parallel to an abandoned railroad bed. That railroad bed marks the boundary line between the properties. Both parties purchased half of the railroad right-of-way when it was abandoned in 1976.

The Harveys claims were based on several assertions of fact. First, they assert the railroad bed historically had a borrow ditch on Dyer's side which ran parallel to it and collected the water from Dyer's property, preventing the water from crossing the railroad bed and flooding their land. Second, they assert that Dyer gradually filled in the borrow ditch and raised the land near the level of the top of the roadbed. Third, they claim Dyer altered a tail water ditch on his property to flow toward their property. Finally, they assert Dyer did not maintain his tail water ditch at adequate dimensions to prevent water from overflowing onto their property.

The Harveys sought damages for flooding which occurred from 1980 through 1984 and an injunction requiring Dyer to reestablish the borrow ditch. Dyer answered, denying Harveys' claims, and counterclaimed for attorney fees and costs, asserting the Harveys' claims were malicious and frivolous. The Harveys did not reply to the counterclaim.

At trial, the jury returned a general verdict in favor of Dyer. The trial court denied the Harveys an injunction and entered judgment in favor of Dyer for costs.

I

■ The Harveys first assert the trial court's order should be modified to conform to a fact stipulated for trial. We disagree.

The parties stipulated at trial that water flows from Dyer's property onto the Harveys' property only during times of heavy precipitation. The stipulation was submitted to the jury in the jury instructions. There is no reason to believe that the jury, in returning a general verdict in favor of Dyer and against the Harveys, did not consider the stipulation. The trial court may not look beyond the face of the record to examine the thought process of the jurors. The general verdict shall be given effect. *Tyler v. District Court*, 200 Colo. 254, 613 P.2d 899 (1980).

II

■ The Harveys next contend the trial court committed reversible error under CRE 703 when it barred the part of their expert engineer's opinion testimony based on certain turn-of-the-century railroad plans. Dyer asserts this witness was not qualified as an expert witness and, therefore, CRE 703 is inapplicable. We disagree with both parties' contentions.

The trial court has wide discretion to determine whether the requirements are met to qualify a witness as an expert. *Connell v. Sun Exploration & Production Co.*, 655 P.2d 426 (Colo.App.1982). Here, the witness' qualifications were placed on the record, but he was not formally offered as an expert. However, he was implicitly treated as an expert witness by the court and both parties.

CRE 703 provides that an expert may base his opinion upon facts or data not admissible into evidence if it is of a type reasonably relied upon by experts in the field. *Graefe & Graefe v. Beaver Mesa Exploration Co.*, 695 P.2d 767 (Colo.App. 1984).

However, the documents here were not linked to this roadbed as it existed during the relevant time period. Expert opinions are admissible only when they will assist the trier of fact in determining a fact in issue. CRE 702. Consequently, we hold the trial court did not abuse its discretion in excluding the portion of expert opinion based on these documents. *KN Energy, Inc. v. Great Western Sugar Co.*, 698 P.2d 769 (Colo.1985); *Reed v. Davidson Dairy Co.*, 97 Colo. 462, 50 P.2d 532 (1935).

III

■ The Harveys' final contention is the trial court committed reversible error by refusing their tendered jury instruction based on § 37–84–101, C.R.S. We disagree.

A party is entitled to a jury instruction as to the legal theory of his case when the instruction is consistent with existing law and is supported by the evidence. *Federal Insurance Co. v. Public Service Co.*, 194

Colo. 107, 570 P.2d 239 (1977). Section 37–84–101 requires owners of irrigation ditches to carefully maintain their embankments to prevent flood or damage to the property of others. This required maintenance includes prevention of breaks in or seepage through the embankment. *Greeley Irrigating Co. v. House*, 14 Colo. 549, 24 P. 329 (1890); *Beaver Creek School Land Ditch Co. v. Elling*, 27 Colo.App. 252, 148 P. 273 (1915). However, the Harveys made no claim that Dyer negligently maintained an irrigation ditch. Therefore, the trial court did not commit reversible error by rejecting their tendered instruction since it was not consistent with their legal theory of the case. *Federal Insurance Co. v. Public Service Co., supra.*

Furthermore, the trial court did give an instruction which embodied the Harveys' legal theory. They claimed their property was flooded because the tail water ditch was inadequate in size and the direction of the ditch was altered to flow toward their property. The trial court submitted Jury Instruction 13, which stated:

"The owner of an upper property has a legal and natural easement across a lower property for the drainage of surface waters flowing in their natural course and manner. Natural drainage conditions may be altered by an upper property owner provided the water is not sent down in a manner or quantity to do more harm than formerly. If you find, by a preponderance of the evidence, that the Defendant altered drainage conditions upon his property such as to send water down in a manner or quantity to do more harm than formerly on Plaintiffs' property, and such caused damages to Plaintiffs' property, then you must find for Plaintiffs. If you are unable, however, to find by a preponderance of the evidence, that Defendant altered the drainage conditions upon his property so as to send water down in a manner or quantity to do more harm than formerly upon Plaintiffs' property, and caused damage to Plaintiffs' property, then you must find for the Defendant."

Since this instruction correctly states the law of the case and treated both parties fairly, there was no error in the instructions submitted to the jury. *Aspen Plaza Co. v. Garcia*, 691 P.2d 763 (Colo.App. 1984).

## IV

Dyer asserts on cross-appeal that the trial court erred in failing to grant him a default judgment on his counterclaim for attorney fees pursuant to § 13–17–102, C.R.S. (1986 Cum.Supp.).

Section 13–17–102(4), C.R.S. (1986 Cum. Supp.) provides that a court shall assess attorney fees if, upon the motion of any party, it finds that an attorney or party brought or defended an action or any part thereof that is without substantial justification. Although a defendant may place a plaintiff on notice of its intention to seek attorney fees pursuant to § 13–17–102 by means of a counterclaim, that issue may be treated by the trial court as if it were raised by motion, and no reply is required in order to resist imposition of attorney fees. *See Bakehouse & Associates, Inc. v. Wilkins*, 689 P.2d 1166 (Colo.App.1984).

Here, the trial court held a hearing regarding assessment of attorney fees at which both parties were represented. It denied Dyer relief. Implicit in this ruling is the determination of the trial court that Harveys' claims did not lack substantial justification. *See* § 13–17–103(1), C.R.S. (1986 Cum.Supp.). Further, we note that Dyer has failed to provide us with a transcript of the hearing. Therefore, there is nothing before us that shows the trial court abused its discretion in that ruling.

We do not consider the other issues Dyer raised on cross-appeal since no new trial is granted.

Judgment affirmed.

PIERCE and STERNBERG, JJ., concur.