**BITTERSWEET FARMS, INC.,
Plaintiff–Appellant,**

v.

**Jack ZIMBELMAN and Donald
Zimbelman, Defendants–
Appellees.**

No. 97CA0339.

Colorado Court of Appeals,
Div. V.

July 23, 1998.

Rehearing Denied Sept. 10, 1998.

Certiorari Denied April 19, 1999.

Wood, Ris & Hames, P.C., E. Gregory
Martin, Dennis A. Hanson, Denver; Kenneth
S. Copple & Associates, P.C., Kenneth S.
Copple, Fort Collins, for Plaintiff–Appellant.

Gregg C. McReynolds, P.C., Gregg C.
McReynolds, Englewood, for Defendants–
Appellees.

Opinion by Judge KAPELKE.

Plaintiff, Bittersweet Farms, Inc., (Bitter-
sweet) appeals the judgment of the trial
court dismissing with prejudice its claims of
negligence and trespass against defendants,
Jack and Donald Zimbelman. We affirm.

Each of the Zimbelmans owns farmland
adjacent to, and upstream from, Bitter-
sweet's property. To irrigate their land, the
Zimbelmans rely in part on tail water, or
excess irrigation water, which flows onto
their property from their neighbors' land.
The tail water is collected in two ditches
maintained by the Zimbelmans. The ditches
follow the natural drainage of the area and
end near a natural, shallow depression bor-
dering Bittersweet's property. Any tail wa-
ter from the ditches that is not used by the
Zimbelmans eventually flows into the depres-
sion. In years of heavy run-off, the water
forms a shallow pond.

In some years prior to 1995, the pond had
flooded a portion of Bittersweet's property,
on which it operates a sod farm. In 1995,
the pond again flowed onto Bittersweet's

property, destroying a portion of its sod crop. Bittersweet thereafter filed this action against the Zimbelmans. Following a trial to the court, Bittersweet's claims were dismissed with prejudice. This appeal followed.

## I.

Bittersweet contends that the trial court erred in applying the law of surface water drainage. We disagree.

### A.

Under Colorado law, the owner of upstream property possesses a natural easement on land downstream for drainage of surface water flowing in its natural course. The upstream property owner may alter natural drainage conditions so long as the water is not sent down in a manner or quantity to do more harm to the downstream land than formerly. *Hankins v. Borland,* 163 Colo. 575, 431 P.2d 1007 (1967); *Harvey v. Dyer,* 731 P.2d 777 (Colo.App.1986).

Applying these principles, the trial court determined that the Zimbelmans, as upstream landowners, possessed a natural easement for drainage of surface water onto Bittersweet's property. The trial court further found that the tail water ditches had been in existence for a substantial number of years and that the Zimbelmans had done nothing to increase the quantity of the tail water flowing in the ditches or to alter the manner in which the tail water flowed downstream. Although the Zimbelmans maintained the ditches each year by cleaning them of silt, they did not increase the size of the ditches or their carrying capacity. Therefore, the trial court concluded that the Zimbelmans had not been negligent.

Bittersweet first argues that the law relating to natural easements does not apply to a situation, such as that here, in which irrigation tail water is involved. According to Bittersweet, the term "surface water" includes only water accumulating from natural sources, such as precipitation. Because irrigation tail water is not from a natural source, Bittersweet reasons, no natural easement exists for its drainage.

However, Colorado law has not recognized such a distinction, and we see no basis for doing so here. Notably, divisions of this court have applied the law of surface water easements in cases involving irrigation or tail water. *See Harvey v. Dyer, supra* (upholding trial court's jury instruction regarding natural easements where plaintiff alleged that defendant had altered size and flow of tail water ditch which resulted in flooding of plaintiff's property); *Howard v. Cactus Hill Ranch Co.,* 529 P.2d 660 (Colo.App.1974)(not selected for official publication) (applying law of natural easements to claims of trespass and nuisance involving water from irrigation ditch); and *Hoff v. Ehrlich,* 511 P.2d 523 (Colo.App.1973)(not selected for official publication)(applying law of natural easements to situation involving a combination of water from natural sources and irrigation).

Other courts have also refused to recognize a distinction between irrigation or tail water and "natural" water for the purpose of defining the rights and obligations of dominant and servient easement owners. *See Martinson v. Hughey,* 199 Cal.App.3d 318, 244 Cal.Rptr. 795 (1988); *Cheesman v. Odermott,* 113 Cal.App.2d 26, 247 P.2d 594 (1952); *but see Peters v. Langrehr,* 188 Neb. 480, 197 N.W.2d 698 (1972); and *Loosli v. Heseman,* 66 Idaho 469, 162 P.2d 393 (1945) (holding that upper landowner had no right to discharge surplus water onto property of lower landowner absent showing of right required by prescription).

In rejecting the distinction between "surface" water and irrigation water for these purposes, the California Supreme Court concluded in *Cheesman v. Odermott, supra,* 113 Cal.App.2d at 28, 247 P.2d at 595, that:

Whatever the rule may be in other jurisdictions, we think that in California it has been modified to fit the necessities for a people who must depend greatly on irrigation.

In concluding that we should also reject such a distinction, we note the language of Chief Justice Moses Hallett in *Yunker v. Nichols,* 1 Colo. 551, 570 (1872):

In a dry and thirsty land it is necessary to divert the waters of streams from their natural channels, in order to obtain the

fruits of the soil, and this necessity is so universal and imperious that it claims recognition of the law. The value and usefulness of agricultural lands, in this territory [Colorado before statehood] depend upon the supply of water for irrigation, and this can only be obtained by constructing artificial channels through which it may flow over adjacent lands.

■ Finding no compelling basis for recognizing the distinction urged by Bittersweet, we hold that the right to discharge surplus irrigation water should be subject to the same natural easement analysis as that governing the right of an upper landowner to discharge surface water onto the property of a lower owner.

### B.

■ In a related argument, Bittersweet contends that the Zimbelmans failed to establish a prescriptive right to drain their tail water onto Bittersweet's property. This argument, however, is misplaced because the rules relating to prescriptive rights are inapplicable in the determination of the existence of a natural easement. *Howard v. Cactus Hill Ranch Co., supra.*

The conclusions of the trial court demonstrate that it correctly applied the law relating to natural easements, and its findings are amply supported by the record. *See Broncucia v. McGee,* 173 Colo. 22, 475 P.2d 336 (1970)(when court sits as finder of fact, the credibility of witnesses, the sufficiency, probative effect and weight of the evidence, and the inferences and conclusions to be drawn therefrom are all within the court's province and will not be disturbed on review unless they are manifestly erroneous).

### C.

■ Finally, Bittersweet relies on §§ 37–84–101 and 37–84–108, C.R.S.1997, in urging that it had proven negligence on the part of the Zimbelmans. These provisions establish a duty to maintain irrigation ditches and prohibit the waste of excess irrigation water.

However, because Bittersweet did not assert this statutory argument in the trial court, we decline to address it for the first time on appeal. *See Mohawk Green Apartments v. Kramer,* 709 P.2d 955 (Colo.App.1985)

### II.

■ Next, Bittersweet contends that the trial court improperly applied a "willfulness" standard in concluding that the trespass claim had not been established. While we agree that the court erred in applying that standard, we nevertheless conclude that the court properly dismissed the trespass claim.

■ A plaintiff need not establish a defendant's willfulness in order to prevail on a trespass claim. *Burt v. Beautiful Savior Lutheran Church,* 809 P.2d 1064 (Colo.App. 1990)(to establish a claim for trespass, a plaintiff need only prove the intent to do the act which causes a physical intrusion onto plaintiff's property).

Here, in its final order, the trial court stated that Bittersweet had failed to establish that the Zimbelmans had committed a "willful" trespass. Nevertheless, because the Zimbelmans possess a natural easement for drainage of their tail water onto Bittersweet's property, they cannot be held liable in trespass merely for exercising that right. Thus, we perceive no error here in the court's dismissal of the trespass claim.

The judgment is affirmed.

Judge ROTHENBERG and Judge STERNBERG * concur.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S.1997.